GEORGE S. CARP *vs.* KAPLAN & another.

Suffolk. October 24, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Rules of court, Requests, rulings and instructions, Verdict. *Superior Court. Contract,* Validity. *Auction.*

The adoption of Rule 44 of the Superior Court (1923) was within the power of that court under G. L. c. 213, § 3, and the rule is valid.

Individual judges have no power to dispense with rules lawfully adopted for the conduct of the business of the courts. Per RUGG, C.J.

At the close of the evidence at the trial of an action of contract, the defendant presented requests for rulings, among which was the following: "Upon all the evidence the plaintiff is not entitled to recover." The record stated, "The court refused to give this request." The defendant alleged an exception to the refusal to give the ruling. *Held,* that

(1) There was no attempt on the part of the presiding judge to waive Rule 44 of the Superior Court (1923);

(2) The judge was not required to take notice of the request in the form in which it was presented.

At the trial of an action for damages resulting from a breach by the defendant of an agreement to sell to the plaintiff a lot of "overseas caps" at the price at which the defendant should purchase them at an auction sale conducted by the federal government, the plaintiff testified in substance that he and the defendant were both bidders at the sale; that there had been sales of several lots of caps; that the plaintiff had purchased a small lot of ten thousand caps; and that bidders then were given the privilege of buying the entire remainder of the caps in one lot of seven hundred thousand. The plaintiff testified in direct examination that he was interested in the whole lot. In cross-examination, he testified that in answer to an inquiry by the defendant, he told him

that he was interested in some of them and would like one hundred thousand. There was further evidence that the defendant then proposed that he, the defendant, should purchase the entire remaining lot of caps, and that, after his purchase, he would sell to the plaintiff one hundred thousand of them at their cost to the defendant; that the plaintiff agreed to the arrangement and then "refrained from bidding, according to the agreement"; that there were many people at the sale but few bidders for the caps; that the defendant then bid in the entire lot, but refused afterwards to make any sale to the plaintiff. The defendant contended that as a matter of law the agreement was invalid. The jury found that the purpose of the agreement was not to prevent competition at the auction. *Held*, that

(1) The testimony of the plaintiff was not in such unequivocal form that he was bound by any part of it as matter of law;

(2) The finding by the jury was warranted, and it was proper to refuse to rule that upon all the evidence the plaintiff was not entitled to recover.

CONTRACT, for breach by the defendants of an agreement to turn over to the plaintiff one hundred thousand overseas caps at the cost price of one and three quarters cents each. Writ dated October 27, 1921.

In the Superior Court, the action was tried before *Morton,* J. The plaintiff testified in substance that, in response to a circular sent out by the federal government, he attended at a government sale of miscellaneous merchandise at the army base in Norfolk, Virginia; that one of the defendants was there; that one lot of goods to be sold was one million two hundred thousand overseas caps. The record then states that, after two hundred thousand of the caps in lots of ten thousand each and one lot of one hundred thousand caps had been sold, the remainder were offered in lots of one hundred thousand "with the privilege of taking the entire lot"; that the defendant Kaplan asked the plaintiff if he were interested in the caps and he said he was interested; that Kaplan said that he was interested in the entire lot. "The plaintiff on direct testified that he was interested in the whole lot of caps, and on cross-examination he testified that he told Kaplan that he was interested in some of them and would like one hundred thousand. That Kaplan then said, 'I will buy the lot and give one hundred thousand to you at cost,' and that the plaintiff said 'All right.' That Kaplan said 'Let me buy them and I will give you one hundred

thousand.' In reply to a question in cross-examination as to what he had done that the defendants should give him one hundred thousand caps the plaintiff said that he 'stopped off from bidding,' that is that he 'refrained from bidding, according to the agreement' and the defendants then bid in and bought the entire lot. The defendants bought these seven hundred thousand for one and three fourths cents each. After the sale, the plaintiff asked Kaplan for the one hundred thousand caps as agreed and Kaplan refused to give them to him." The plaintiff also testified that there were many people at the sale, but few bidders for the caps.

At the close of the evidence, "counsel for the defendants submitted, among others, the following written request for ruling: 1. Upon all the evidence the plaintiff is not entitled to recover." The record states, "The court refused to give this request."

Other requests raised the question, whether as a matter of law the agreement relied on was invalid because founded on a promise by the plaintiff to prevent competition at the auction.

The judge submitted to the jury two questions, which, with the answers of the jury thereto, were as follows:

"1. Did the plaintiff and the defendant Kaplan agree to purchase jointly seven hundred thousand caps of which one hundred thousand was to be on the plaintiff's account?" The jury answered, "Yes."

"2. If such agreement was made, was the purpose thereof to prevent competition at the auction?" The jury answered, "No."

The jury found for the plaintiff in the sum of $2,667.25. The defendants alleged exceptions.

*R. M. Walsh & E. P. Finn,* for the defendants, submitted a brief.

*M. Jacobs,* for the plaintiff.

RUGG, C.J. This action to recover damages for breach of contract was tried before a jury. At the close of the evidence the counsel for the defendant submitted to the judge among other requests for rulings this: "Upon all the evidence the plaintiff is not entitled to recover." This was

in substance a motion for a directed verdict in favor of the defendant, and it was commingled with other requests for instructions to the jury. It is manifest that this was not in accordance with the part of Rule 44 of the Superior Court (1923) which requires that "The question whether the court should order a verdict must be raised by a motion. Such question shall not be raised by a request for instructions to the jury." That is a valid rule. It is a proper requirement that a motion for a directed verdict be a separate matter, dissociated from requests for particular instructions to the jury. Its adoption is within the power of the Superior Court under G. L. c. 213, § 3. It was binding upon the defendant.

Individual judges have no power to dispense with rules lawfully adopted for the conduct of the business of the courts. *Oliver Ditson Co.* v. *Testa,* 216 Mass. 123, 125. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 462. There was no attempt on the part of the presiding judge to waive the rule. He was not required to take notice of the request in the form in which it was presented.

If the question attempted to be raised be considered on its merits, there was no reversible error. The testimony of the plaintiff was somewhat conflicting. It was not in such unequivocal form that he was bound by any particular part of it as matter of law. *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405, 407. A question was presented for the decision of the jury. The main point of the case is governed by *Phippen* v. *Stickney,* 3 Met. 384, and *Gibbs* v. *Smith,* 115 Mass. 592. *Hopkins* v. *Ensign,* 122 N. Y. 144.

*Exceptions overruled.*