THOMAS DEMARCO, administrator, *vs.* CHARLES H. PEASE & another, executors.

Berkshire.　September 15, 1925. — October 21, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Survival of Action. Negligence,* Causing death: existence of dependent next of kin; Employer's liability: dangerous place for work, notice. *Practice, Civil,* Requests, rulings and instructions, Judgment nunc pro tunc.

After a verdict for the plaintiff in an action by an administrator against an employer of the plaintiff's intestate for conscious suffering and death of the intestate alleged to have been caused by negligence, and while exceptions saved by the defendant at the trial were pending, the defendant died and the executor of his will appeared to defend and filed a motion for a new trial on the ground that no verdict for death could stand against the executor because damages under the death statute

were vindictive and exemplary within the meaning of G. L. c. 230, § 2. The motion was denied. *Held,* that the right of recovery for death caused by negligence was not vindictive and exemplary and survived the death of the employer.

*It was stated,* that, in the circumstances above described, even if the action had not been of a nature to survive under G. L. c. 230, § 2, the liability of the defendant's testator had become fixed by the verdict rendered while he was living, and a judgment to be entered might be entered as of that date.

At the trial of the action above described, there was evidence that in 1919 the plaintiff's intestate, under the direction of a superintendent of his employer, was at work in a ditch digging and laying a pipe; that the ditch was about six feet deep, having a width of twenty to twenty-four inches at the bottom and three to four feet at the top, without shoring on either side; that it caved in, breaking the intestate's pelvis and injuring his abdominal viscera, and causing the injury which hastened his death. *Held,* that

(1) There was evidence for the jury of a causal connection between the accident and the death;

(2) A finding that the employer was negligent because of his failure to furnish the deceased a reasonably safe place in which to work was warranted;

(3) The provisions of the workmen's compensation act precluded the defendant from contending that the employee was guilty of contributory negligence or that he had assumed the risk of his injury.

At the trial above described, it appeared that the administrator sent to the defendant in writing a notice on a blank bearing the superscription of the Industrial Accident Board and purporting to be made under the provisions of the workmen's compensation act, stating that at about a certain time on a certain day the plaintiff's intestate "received personal injury while in your employ in the town of Lee in the Quarry and that the accident was caused to him by reason of a cave-in, resulting in instant death of the employee." The notice was enclosed in a letter addressed to the employer and reading as follows: "I am sending you, herewith, notice of accident which caused the death of . . . [the intestate] who leaves his parents in Italy. . . . [The plaintiff] has been appointed administrator of the estate of . . . [the intestate], and he claims compensation of you, in behalf of the parents, on account of the accidental death of . . . [the intestate]. Will you kindly inform me if you carry insurance and the name of the company who covered you at the time of the accident." The employer replied: "I beg to advise that no insurance was carried covering any employee." *Held,* that

(1) The defendant could not complain of the recital in the notice that death was instantaneous;

(2) It appearing that the accident occurred in a trench near a mill built to be operated in connection with the quarry and that the employer's superintendent was one of the first to reach the intestate after the accident, the statement of the place of the accident could have been found not to have misled the defendant;

(3) The question, whether the notice was sufficient, was for the jury,

and it could not be ruled as a matter of law that the notice was insufficient.

In the above entitled action, it appeared that the trial judge ruled that as a matter of law the notice above described was sufficient. No exception to the ruling was saved; but this court *stated* that, the question being for the jury, such ruling was erroneous.

If, at the time of the death of an employee by reason of negligence of his employer, next of kin of his are living, an action by the administrator of his estate may be maintained under G. L. c. 229, § 7, without proof of the fact that such next of kin were living at the time of the trial: if such next of kin were living at the time of the death, the right of action vested in them and the action would not abate by reason of their death before trial.

In an action against an employer by the administrator of the estate of an employee, the declaration under G. L. c. 229, § 7, contained a count for conscious suffering and a count for death. At the close of the evidence, the defendant did not move that a verdict be ordered in his favor on any or on all of the counts, but filed requests for rulings which included a request for a ruling that on all the evidence the plaintiff could not recover, and a request asking in substance for a ruling that the verdict must be for the defendant on all the counts if the jury found the facts to be as stated in the requests relating to the dependency of parents, but no request for a ruling raising the question of dependency with reference to the count for death. There was a verdict which apportioned damages for death and for conscious suffering. *Held*, that

(1) There might have been recovery on the count for conscious suffering without evidence of dependency of next of kin;

(2) The question, whether there was sufficient evidence to warrant a finding of dependency of next of kin, on the record was not presented as to the count for causing death;

(3) Such issue was not raised under the request for a ruling that upon all the evidence the plaintiff could not recover, because, if the defendant desired to raise such a question on all the evidence, he should have done so by a motion for a directed verdict under Rule 44 of the Superior Court (1923).

Tort by the administrator of the estate of Simone Montani, late of Lee, originally against W. H. Gross, the intestate's employer, with a declaration as amended in five counts, described in the opinion, for the causing of conscious suffering and death of the plaintiff's intestate on November 22, 1919. Writ dated November 10, 1921.

In the Superior Court, the action was tried before *Burns*, J. It appeared that at the time of the alleged injury and death of the plaintiff's intestate, the defendant W. H. Gross conducted a business in Lee under the name Lee Marble Works and employed the plaintiff's intestate among others. On

April 13, 1921, two days after his appointment as administrator, the plaintiff's attorney wrote to the defendant a letter reading as follows:

"Lee Marble Works, Gentlemen: I am sending you, herewith, notice of accident which caused the death of Simone Montani who leaves his parents in Italy. Dr. Thomas DeMarco, Italian Consular Agent of Springfield, Mass., has been appointed administrator of the estate of Montani, and he claims compensation from you, in behalf of the parents, on account of the accidental death of Montani. Will you kindly inform me if you carry insurance and the name of the company who covered you at the time of the accident. [signed]          Silvio Martinelli."

This letter was accompanied by a notice reading as follows:

"WORKMEN'S COMPENSATION ACT
INDUSTRIAL ACCIDENT BOARD
BOSTON, MASS.

"Form No. 10

Under sections 15, 16 and 17, Part II, Chapter 751, Acts of 1911 and Amendments thereto, notice of the time, place and cause of the Injury must be given to the employer of the Association or the Liability Insurance Company, as soon as practicable after the happening thereof. The following is a form of the notice to be given under the above sections.

NOTICE OF INJURY

This is to notify you Lee Marble Works Company that on
Name of employer, or insurance association or company
the 22nd. day of November, 1919 at about 3.30 o'clock, p.m. Simone Montani received personal injury while in your
a.m. or p.m.
employ in the town of Lee in the Quarry and that the acci-
Name or description of building or place of employment
dent was caused to him by reason of a cave-in, resulting in instant death of the employee.

Simone Montani
Name of employee
by Thomas De Marco, Admr.
Address     Springfield
City or town
c/o Silvio Martinelli Att'y
476 Main Street"
Street and number

The defendant replied to the attorney's letter as follows:

"Silvio Martinelli: Dear Sir: Replying to your favor of the 13inst., I note that an administrator of the estate of Simone Montani has been appointed, and I beg to advise that no insurance was carried covering any employee. [Signed]

Lee Marble Works."

These three documents were admitted in evidence subject to exceptions by the defendant.   Other material evidence is described in the opinion.

At the close of the evidence, the defendant asked for the following rulings among others:

"1. Upon all the evidence the plaintiff cannot recover."

"4. If the jury find that the contributions made by the deceased to his parents were only occasional gifts of small amount and that the parents of the deceased could not have depended upon these small contributions from deceased for their support, the plaintiff cannot recover on either count of plaintiff's declaration.

"5. The jury cannot find upon the evidence that the parents of deceased are now living and there can be no recovery for the death of the deceased in this action."

"11. There is no evidence of negligence on the part of the defendant, his servants or agents.

"12. There is no evidence of a defect in the condition of the ways, works or machinery connected with or used in defendant's business, which arose from or had not been discovered or remedied because of the negligence of a person in the defendant's service who had been entrusted by the defendant with the duty of seeing that the ways, works or machinery of defendant were in proper condition.

"13. There is no evidence of negligence of any person in the service of the defendant who was entrusted with and was exercising superintendence and whose sole or principal duty was that of a superintendent, or in the absence of such superintendent, of a person acting as a superintendent with the authority or consent of the defendant."

"30.   If the danger of a cave-in of the ditch was plain, open and obvious and Montani could and should have known

of it, the plaintiff cannot recover even if the jury should find that Montani did not understand the warning and was in fact ignorant of the danger because Montani's ignorance would not enlarge or increase the defendant's legal duty.

"31. There is no evidence that Montani's parents are alive and therefore the plaintiff cannot recover.

"32. There is not sufficient evidence to warrant the jury in finding that there are surviving parents of Montani, and therefore the plaintiff cannot recover.

"33. The notice of the time, place and cause of the alleged injury given by the plaintiff to the defendant was insufficient to comply with the statute because it incorrectly stated the place and nature of the alleged injury and stated that death was instant and gave no notice of conscious suffering and therefore misled the defendant in respect to material matters required by the statute. Proof of sufficient notice is a prerequisite to this action, therefore the plaintiff having failed to give such notice cannot recover.

"34. In order to maintain this action, the plaintiff must prove by the fair weight of the evidence the following allegations . . . c. That Montani's father and mother were at the time of his death dependent upon his wages for support; that is to say that said parents were wholly or partially depending upon Montani's wages for necessaries of life and were receiving such support regularly, and not merely receiving occasional gifts or donations; that said parents still survive and are the persons who would benefit by any damages in this action."

On April 30, 1924, a verdict of the jury was recorded in which they found for the plaintiff in the sum of $3,270, and apportioned this sum as follows: $750 "to the legal representative" of the intestate, $1,400 "to the next of kin," and $1,120 "for conscious suffering."

On November 9, 1924, the defendant W. H. Gross died, and suggestion of his death was filed in court on November 12, 1924. The executors of his will were appointed on December 2, 1924, and appeared to defend this action on February 7, 1925, when they moved that the verdict be set aside and a new trial granted, as described in the opinion.

The motion was denied. The defendant executors alleged exceptions.

*H. N. Joyner*, for the defendants.

*J. M. Rosenthal*, (*J. B. Cummings & S. Martinelli* with him,) for the plaintiff.

SANDERSON, J. The plaintiff, as administrator, seeks to recover damages for the conscious suffering and death of his intestate, Simone Montani, who, it is alleged, while employed as a laborer by the defendant, received fatal injuries resulting from the cave-in of a ditch located on his premises. The amended declaration was in five counts. Two of the counts for conscious suffering were at common law. A verdict for the plaintiff was rendered April 30, 1924.

The defendant died November 9, 1924. After a suggestion of death, the executors of his will entered their appearance and filed a motion for a new trial, in which they contended that no verdict for death could stand against the executors because damages under the death statute are vindictive and exemplary within the meaning of G. L. c. 230, § 2. This position is untenable. The liability of the defendant was fixed by the verdict, rendered while he was living. His death occurred during the pendency of the case for the determination of the questions of law raised by the exceptions taken at the trial. In such circumstances, even if the action did not survive, judgment may be entered as of the date of the verdict, if no executor or administrator has been appointed. *Kelley* v. *Riley*, 106 Mass. 339. This court in referring to Rev. Sts. c. 93, § 9, from which G. L. c. 230, § 2, is derived, said "The kind of damages described in it are such as formerly were commonly allowed under the same designation, when torts were committed with actual malice, or wantonly, or with peculiar harshness and oppression. In this Commonwealth such damages are not now considered punitive or vindictive, but are allowed in compensation for the injury to the feelings." *Wilkins* v. *Wainwright*, 173 Mass. 212, 213. Damages recoverable under our statutes for death "while penal in form, . . . are . . . largely remedial in character." *Commonwealth* v. *Boston & Albany Railroad*, 121 Mass. 36, 37. They are not vindictive or

exemplary in their nature. Furthermore, it has been decided that an action to recover damages for death may be begun and prosecuted against the personal representative of the person responsible therefor. *Putnam* v. *Savage,* 244 Mass. 83.

The defendant operated a quarry in the town of Lee under the name of Lee Marble Works. Montani was working for him under the direction of his superintendent, digging and laying a pipe in a ditch on the defendant's premises. It could have been found that at the time of the accident he was at the place in the ditch where the performance of his work required him to be. After the cave-in, he was discovered held in the dirt up to his hips with his shovel upright partly buried. At this point the ditch was about six feet deep, having a width of twenty to twenty-four inches at the bottom and three to four feet at the top, without shoring on either side. The certificate of death which stated the cause to be "Accidental fractured pelvis and injury to abdominal viscera caused by caving of ditch," and the medical testimony to the effect that the injury hastened his death, was evidence for the jury of the causal connection between the accident and the death. G. L. c. 46, § 19. *Wiemert* v. *Boston Elevated Railway,* 216 Mass. 598, 603. *Madden's Case,* 222 Mass. 487, 496. The testimony relating to the absence of shoring and shoring material to prevent the ditch from caving in was sufficient to justify the jury in finding that the defendant was negligent because of his failure to furnish the deceased a reasonably safe place in which to work. It was the duty of the superintendent "to take proper precautions for the safety of the men at work in the trench. He should have observed carefully the character of the soil, and all other conditions which would enable him to determine what should be done to prevent such accidents as that which happened to the plaintiff." *Hennessey* v. *Boston,* 161 Mass. 502, 503. *Breen* v. *Field,* 157 Mass. 277. *Coan* v. *Marlborough,* 164 Mass. 206. *Norton* v. *New Bedford,* 166 Mass. 48.

The defendant's requests, relating to obvious danger, could not have been given upon the facts in this case. The dangers connected with the caving in of the ditch arose after

the contract of employment was made, and the employer could not relieve himself from the responsibility of furnishing the employee with a reasonably safe place in which to work by proving contributory negligence or an assumption of the risk. G. L. c. 152, § 66. *Ashton* v. *Boston & Maine Railroad*, 222 Mass. 65. *McGonigle* v. *O'Neill*, 240 Mass. 262. The request as to serious and wilful misconduct was given in substance.

Notice that the injury was caused by reason of a cave-in, resulting in the instant death of Simone Montani in the town of Lee, in the quarry, was sent to the defendant by the plaintiff, as administrator, accompanied by a letter from the plaintiff's attorney. The defendant replied that he carried no insurance covering any employee. He excepted to the admission of the notice on the ground that it did not show the correct place or cause of injury and was not a legal notice. He also excepted to the refusal of the court to give his request to the effect that the notice was insufficient because it incorrectly stated the place and nature of the alleged injury, and was otherwise misleading. The defendant could not complain of the recital therein that death was instantaneous. The plaintiff was required to state the time, place and cause of injury and nothing more. *Bartley* v. *Boston & Northern Street Railway*, 198 Mass. 163, 171. G. L. c. 153, § 6. The time was accurately given and the cause could have been found to be in accordance with the facts. The accident occurred in a trench near a mill built to be operated in connection with the quarry. The statement of the place of the accident could have been found not to have misled the defendant, because his superintendent was one of the first to reach Montani at the time of the occurrence. The jury could have found that there was no intention to mislead. The whole property owned and operated by the defendant might be referred to as the quarry. The statute does not require technical accuracy. The letter accompanying the notice tends to show there was no intention to mislead. *Naze* v. *Hudson*, 250 Mass. 368, 370. This intention often may be inferred from circumstances without testimony directly to the point. *Bowes* v. *Boston*, 155 Mass. 344, 349. The

notice was admissible in evidence and the judge could not have ruled that it was insufficient. The exceptions relating to it must, therefore, be overruled. The judge erroneously ruled, however, that as a matter of law the notice was sufficient. He should have submitted to the jury the questions of fact involved in the determination of its sufficiency. But no exception was saved to this ruling.

The remaining questions to be considered relate to the defendant's contention that there is no evidence of the existence or dependency of next of kin of the deceased. Evidence offered of communications from the parents of the deceased and the power of attorney from the father made the question of the existence of next of kin at the time of the death of Montani one of fact for the jury. The defendant contends that, by a proper construction of G. L. c. 229, § 7, the plaintiff must prove the existence of next of kin at the time of trial. The expression therein, "if there is any person who would have been entitled to bring an action under section four," has relation to the existence of such person at the time of the death of the plaintiff's intestate. If next of kin entitled to recover were living then the right of action vested in them and the action would not abate by reason of their death before trial. *Johnston* v. *Bay State Street Railway*, 222 Mass. 583. The evidence offered that a commission issued on January 26, 1924, to take the deposition of the father of the deceased in Italy, had not been returned, was properly excluded as incompetent.

The question, whether the evidence would justify the jury in finding that the next of kin were dependent for their support upon the wages of the deceased at the time of his death, was sought to be raised by two requests for rulings both of which were unsound in that they asked in substance for a ruling that the verdict must be for the defendant on all counts if the jury find the facts to be as stated in the requests relating to the dependency of parents. But the evidence as to dependency has no relation to the counts for conscious suffering. There might be recovery on these without evidence of dependent next of kin. *Battany* v. *Wall*, 232 Mass. 138. G. L. c. 229, § 7. The trial judge made it clear to the

jury that as a condition of the plaintiff's right to recover it must appear that there were next of kin wholly or partially dependent on the wages of the deceased for their support. *Bartley* v. *Boston & Northern Street Railway,* 198 Mass. 163, 172. There is no request which raises the question of dependency with reference to the counts for death, and the sufficiency of the evidence on that issue is not presented and need not be here decided. It cannot properly be considered under the request that upon all the evidence the plaintiff cannot recover, because if the defendant desired to raise a question on all the evidence he should have done so by a motion for a directed verdict. Rule 44 of the Superior Court (1923). *Carp* v. *Kaplan,* 251 Mass. 225.

*Exceptions overruled.*