ELIZABETH FLOCCHER *vs.* MICHAEL SIRIANNI.
MARE A. PIOTTI *vs.* SAME.

Suffolk. December 7, 1925. — May 29, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Rules of court, Ordering verdict.

No exception lies to a refusal to order a verdict at a trial in the Superior Court where no motion was presented as required by Rule 44 of the Superior Court (1923) and the defendant at the close of the evidence merely "asked the court to rule that upon all the evidence the jury must find for the defendant."

TWO ACTIONS OF TORT. Writ dated July 18, 1922.

In the Superior Court, the actions were tried before *Keating*, J. Proceedings at the trial are described in the opinion. There were verdicts for the plaintiffs. The defendant alleged exceptions.

*T. R. Bateman,* for the defendant.

*G. I. Cohen,* (*C. J. Isberg* with him,) for the plaintiffs.

BRALEY, J. These actions are in tort to recover damages for personal injuries alleged to have been caused by the defective and unsafe condition of a railing on the landing of the second floor of the premises which the defendant as landlord engaged to keep in repair for the use of tenants. "At the close of the evidence, the defendant asked the court to rule in each case that upon all the evidence the jury must find for the defendant." The request was denied. Verdicts were returned for the plaintiffs, and it is argued by the defendant on his exceptions that neither plaintiff made out a case for the jury on the question of liability. But under Rule 44 of the Superior Court (1923), "The question whether the court should order a verdict must be raised by a motion. Such question shall not be raised by a request for instructions to the jury." The judge could not abrogate the rule, and the defendant being bound by it, no error appears in the denial of the request. *Carp* v. *Kaplan*, 251 Mass. 225. *DeMarco* v. *Pease*, 253 Mass. 499.

*Exceptions overruled.*