ANNA BERNIER *vs.* PITTSFIELD COAL GAS COMPANY.
GEORGE BERNIER *vs.* SAME.

Berkshire.    September 21, 1926. — October 14, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* In use of gas.    *Practice, Civil,* Common Law Rule 44 of the Superior Court (1923); Requests, rulings and instructions.

By reason of Common Law Rule 44 of the Superior Court (1923), no exception lies to a refusal by a trial judge to grant requests for rulings that "Upon the whole evidence and the pleadings in the case the plaintiff cannot recover" and "There is not sufficient evidence that the negligence of the defendant caused the plaintiff's injuries and the plaintiff cannot recover."

Where, at the trial of an action against a gas company in a city for personal injuries suffered from the inhaling of gas which escaped from a leak

in a gas main of the defendant, there was evidence that the leak was caused by frost penetrating the ground to a depth of over six feet where ordinarily it penetrated only four and one half to five feet, and that the defendant's mains were three and one half feet under ground, it was proper to refuse to grant a ruling asked for by the defendant, "If the experience in laying gas pipes in the city . . . has determined that three feet is the proper and reasonable depth to lay such pipes and is the general accepted practice in the laying of gas pipes, then upon the evidence and agreements in the case, the plaintiff cannot recover."

TWO ACTIONS OF TORT for personal injuries and consequential damages resulting from inhaling gas escaped from a leak in a main of the defendant. Writs dated April 18, 1923.

In the Superior Court, the actions were tried together before *Donahue*, J. Material evidence is described in the opinion. The defendant asked for and the judge refused the following requests, besides that quoted in the last paragraph of the opinion:

"Upon the whole evidence and the pleadings in the case the plaintiff cannot recover."

"There is not sufficient evidence that the negligence of the defendant caused the plaintiff's injuries and the plaintiff cannot recover."

There was a verdict for the plaintiffs in the sums of $1,000 and $500, respectively. The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*J. M. Rosenthal*, (*J. B. Cummings* with him,) for the plaintiffs.

SANDERSON, J. In these actions, tried together, the plaintiffs are husband and wife; each suing to recover for injuries received from escaping gas, and the husband, in addition, is suing for expenses incurred because of his wife's injuries. The harm suffered by the plaintiffs was caused by the inhalation of gas escaping from a break in the defendant's pipe and percolating into the plaintiffs' home from the street. It was stipulated that the pipe was laid three and one half feet below the surface; that at the time of the injuries the weather was extremely cold and the frost had penetrated into the ground "at a considerable depth" so that the gas pipe contracted, causing the leak.

There was evidence tending to show that in Pittsfield, where the alleged torts were committed, frost had penetrated in the streets to a depth of over six feet, and that the ordinary depth in the winter would be about four and one half to five feet. During the week preceding the leak the temperature ranged from five degrees below zero to twenty-nine above; and the minimum temperature on the day of the injuries was nine degrees above.

The cases come up on exceptions to the refusal by the trial judge to give three of the defendant's requests for rulings. The first and second of these were framed to raise a question on the whole evidence. Rule 44 of the Superior Court (1923) provides: "The question whether the court should order a verdict must be raised by a motion. Such question shall not be raised by a request for instructions to the jury." The exception to the refusal to grant these two requests is overruled. See *Carp* v. *Kaplan*, 251 Mass. 225, 228; *DeMarco* v. *Pease*, 253 Mass. 499, 509.

The remaining request was in the following terms: "If the experience in laying gas pipes in the city of Pittsfield has determined that three feet is the proper and reasonable depth to lay such pipes and is the general accepted practice in the laying of gas pipes then upon the evidence, and agreements in the case, the plaintiff cannot recover." In *Hill* v. *Winsor*, 118 Mass. 251, 259, the court said: " . . . there is no rule of law which exempts one from the consequences of his negligent conduct upon proof that he proceeded in the usual manner and took the usual course pursued by parties similarly situated, although he was without notice that he could not safely do so. The defendants cannot protect themselves by proving the careless practices of others." A jury could well find negligence of the defendant in laying or maintaining gas pipes within the frost zone. See *Smith* v. *Boston Gas Light Co.* 129 Mass. 318; *Thompson* v. *Cambridge Gas Light Co.* 201 Mass. 77. This request did not state the standard by which the liability of the defendant was to be determined.

*Exceptions overruled.*