HERBERT W. PATTON *vs.* MATTHEW J. DEVINEY.

Suffolk.    December 1, 1926. — April 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil*, Common Law Rule 44 of the Superior Court (1923), Amendment, Ordering verdict.  *Bills and Notes*, Fictitious payee, Holder in due course.

In the declaration in an action upon a negotiable promissory note, the plaintiff alleged that he was an indorsee and that the defendant was a maker.  At the trial it appeared that the note was payable to a corporation which was nonexistent on the date of the note, but that, on the day of its negotiation, it was indorsed by one with authority to indorse, given by the by-laws of the corporation, which then was in existence; that it then was given to a promoter of the corporation and by the promoter was given to the plaintiff, who thereafter advanced money to the promoter which was used in the promotion of the corporation; and that the defendant at about the date of the note had signed other notes for the purpose of promoting the corporation named as payee.  *Held*, that

(1) A finding was warranted that the defendant knew when he signed the note in suit that the payee was a fictitious person;

(2) Since the plaintiff might be found to have held the note as bearer under G. L. c.107, § 31 (3), a verdict could not be ordered for the defendant, and the declaration might be amended to accord with the facts;

(3) It could not properly be ruled that, if the jury found that the person who delivered the note to the plaintiff was acting as a promoter and organizer of the corporation in behalf of the plaintiff and its other incorporators, the corporation and the plaintiff and the other incorporators were bound by the knowledge of the promoter of all the infirmities of the note involved in this action.

Under Common Law Rule 44 of the Superior Court (1923), a request to rule that "Upon all the evidence, the plaintiff is not entitled to recover" must be denied.

An exception to the denial of a motion in writing that a verdict be ordered cannot be sustained if the evidence was sufficient in any legal form of declaring to justify a finding for the plaintiff in some amount.

CONTRACT for $2,500 and interest, by one alleging himself to be an indorsee of the note described in the opinion.  Writ dated March 11, 1922.

In the Superior Court, the action was tried before *Walsh*, J. Material facts, and requests by the defendant for rulings, are stated in the opinion. The jury found for the plaintiff in the sum of $2,403.54. The defendant alleged exceptions.

G. L. c. 107, § 31 (3), reads as follows:

"The instrument is payable to bearer: . . .

"3. When it is payable to the order of a fictitious or non-existing person, and such fact was known to the person making it so payable."

*J. J. Curran*, for the defendant.

*W. R. Bigelow,* for the plaintiff.

PIERCE, J. This is an action of contract brought on a promissory note dated August 19, 1921, alleged to have been signed by the defendant, payable to the order of the Anglo-American Brewery, Inc., and by it indorsed to the plaintiff.

At the trial it was admitted, or evidenced by undisputed testimony, that the defendant executed the note in suit on the day of its date and delivered it to one Marshall to be used by him in promoting or carrying on the Anglo-American Brewery company; that when the note was executed the company was in process of organization but was not chartered until September 3, 1921; that sometime after September 3, 1921, the note was indorsed, "Pay to the order of H. W. PATTON The Anglo-American Brewery, Inc. L. E. CHESTER, TREAS. H. W. PATTON." It further appeared that the treasurer, Louis E. Chester, had authority under section 1, article V, of the by-laws to indorse on behalf of the company checks, notes and other obligations; that after he had indorsed the note he handed it to Marshall and "then he and Mr. Marshall walked immediately into Mr. Patton's office and Mr. Marshall gave it to Mr. Patton in his presence." No question is raised but that Patton thereafter advanced money to Marshall which was used by Marshall in promoting the corporation between the dates of September 9 and November 22, 1921.

The payee was a fictitious person, and the instrument was negotiable without indorsement if such nonexistence was known to the maker of the note. G. L. c. 107, § 31 (3). The evidence, to the effect that the defendant about the time

of the date of the note in suit had signed other notes for the purpose of promoting the Anglo-American Brewery company, reasonably might warrant the jury in the pending action in inferring that the defendant knew when he signed the note in suit that the Anglo-American Brewery, Inc., payee in the note, was a fictitious person.

The request to rule that "Upon all the evidence, the plaintiff is not entitled to recover" was denied rightly. To pass upon such a request other than to deny it would be to violate Common Law Rule 44 of the Superior Court (1923) which requires that "The question whether the court should order a verdict must be raised by a motion. Such question shall not be raised by a request for instructions to the jury." *Carp* v. *Kaplan,* 251 Mass. 225. *DeMarco* v. *Pease,* 253 Mass. 499. *Altman* v. *Goodman,* 255 Mass. 41. *Floccher* v. *Sirianni,* 256 Mass. 210. *Taylor* v. *Creeley,* 257 Mass. 21.

The ruling was right if the case be considered on its merits for the reasons above stated, and because a motion in writing for a directed verdict cannot be sustained if the evidence was sufficient in any legal form of declaring to justify a finding for the plaintiff in any amount. *Rubin* v. *Huhn,* 229 Mass. 126, 129.

The requests "Upon the evidence, the plaintiff is not a holder in due course," and "If the jury find that one R. C. Marshall was acting as a promoter and organizer of the Anglo-American Brewery, Inc., in behalf of the plaintiff and the other incorporators of the Anglo-American Brewery, Inc., then the Anglo-American Brewery, Inc., and the plaintiff and the other incorporators are bound by the knowledge of said Marshall of all the infirmities of the note involved in this action," upon the reported facts above recited were refused rightly.

Should the fact be that the note was indorsed to the plaintiff while the named payee was nonexistent, that fact on the evidence should not prevent a recovery on the note as on a note payable to bearer, and the declaration may be amended to conform to the fact.

*Exceptions overruled.*