HENRI H. KAUFMAN *vs.* JOHN F. BUCKLEY & others.

Suffolk.    December 6, 1933. — December 29, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Jurisdiction*, Accounting. *Equity Pleading and Practice*, Rule 23 of the Superior Court (1932), Demurrer, Order for decree, Decree. *Superior Court.*

Averments in a bill in equity were that the plaintiff entered into a partnership with another person to carry on the business of employing athletes to engage in contests, contracts with them to be made in the name of the second partner and profits to be equally divided; that the second partner assigned a contract thus procured to the defendant, who knew of the plaintiff's rights therein; and that profits were realized. There was no allegation that the second partner had no power to make the assignment, and no prayer that the assignment be set aside. The bill sought an accounting from the assignee and an order that he pay the plaintiff the amount found due him. A demurrer by the defendant was sustained. *Held*, that

(1) No partnership and no fiduciary relation was shown between the plaintiff and the defendant;

(2) No right to an accounting was shown;

(3) The demurrer was sustained rightly.

Although the establishment of Rule 23 of the Superior Court (1932) was within the rule making power given to that court by G. L. (Ter. Ed.) c. 213, § 3, and thereunder a plaintiff in a suit of equity, to whose bill a demurrer has been sustained, in the absence of waiver or order by court is allowed ten days within which to file a motion for amendment, where the docket entries in such a suit showed that an order sustaining the demurrer was made by the court on a date more than ten days before the entry of a final decree, the final decree was entered properly less than ten days after the entry of an interlocutory decree in accordance with such order: the ten days limited in the rule began to run from the date of the entry of the order sustaining the demurrer.

BILL IN EQUITY, filed in the Superior Court on March 31, 1933, and afterwards amended, described in the opinion.

The defendants demurred. The demurrer was heard by *Whiting,* J., who ordered it sustained. An interlocutory decree sustaining the demurrer and a final decree dismissing the bill were entered, as described in the opinion. The plaintiff appealed from the order and both decrees.

*W. E. Bennett,* (*S. Miller* with him,) for the plaintiff.

*T. D. Sullivan,* for the defendants.

RUGG, C.J. This is a suit in equity. The plaintiff alleges that he entered into a partnership with one Schlossberg for the business among other matters of employing athletes to engage in boxing matches or exhibitions, the contracts with the athletes to be executed in the name of Schlossberg and the profits to be divided equally between the partners. The partners secured the services of one Schaaf, and a written contract with him for a term of years was executed in the name of Schlossberg but in truth for the benefit of the partnership. In November, 1930, Schlossberg for the sum of $12,500 assigned to the principal defendants what purported to be the entire interest in that contract, they accepting the "assignment with actual notice" of the plaintiff's "right to one-half interest in said contract," and continuing the business under the contract. The prayers are for an attachment of funds of the defendants in certain

banks, for an accounting between the plaintiff and the principal defendants, and for an order that they pay the plaintiff the amount found due him. There is no allegation that Schlossberg did not have legal power to assign the contract, and there is no prayer that the assignment be set aside.

It is manifest that no partnership between the plaintiff and the defendants is alleged in the bill. No fiduciary relation is set out between the plaintiff and the defendants. There are no allegations directed to the abrogation of the assignment from Schlossberg to the defendants. The allegations go no further than an ownership of a one-half interest in the contract by the plaintiff and a right to one half the net profits made by the defendants. It was said by Chief Justice Gray speaking for the court in *Badger* v. *McNamara,* 123 Mass. 117, 119–120: "In order to maintain a bill in equity for an account, it must appear from the specific allegations that there was a fiduciary relation between the parties . . . or that the account is so complicated that it cannot be conveniently taken in an action at law. The general allegation that the account is of such a character is not sufficient to sustain the jurisdiction in chancery." That principle has been repeatedly affirmed. *Brown* v. *Corey,* 191 Mass. 189. *Campbell* v. *Cook,* 193 Mass. 251. *Lee* v. *Fisk,* 222 Mass. 424. The plaintiff having set out no ground for relief in equity, the interlocutory decree sustaining the demurrer was entered rightly.

The interlocutory decree was entered on July 7, 1933. There is nothing in the record to show that leave to the plaintiff to amend his bill was denied, either before or at the time this interlocutory decree was entered. On July 12, 1933, a final decree dismissing the bill with costs was entered. It contains no recital that leave was denied to the plaintiff to amend, or that he in any way waived a right to amend. The plaintiff appealed from both decrees on July 17, 1933, which was within the time limited by G. L. (Ter. Ed.) c. 214, § 19.

It is provided by Rule 23 of the Superior Court (1932) as follows: "If a demurrer is sustained, and leave to amend

is not denied, a case shall be deemed ripe for final judgment or decree only after ten days from the sustaining of the demurrer, or such other time as the court may allow for amendment." It was within the power of the Superior Court to establish this rule. G. L. (Ter. Ed.) c. 213, § 3. It has the force of law. It was binding upon the parties. Individual judges have no power to dispense with rules of court lawfully adopted. *Baker* v. *Blood*, 128 Mass. 543, 545. *Pratt* v. *Pratt*, 157 Mass. 503, 505. *Carp* v. *Kaplan*, 251 Mass. 225, 228. The substance and effect of the rule are that a party plaintiff, to whose declaration or bill in equity a demurrer has been sustained, in the absence of waiver or order by court is allowed ten days within which to decide whether he can, or ought to, file a motion for amendment. *Robitaille* v. *Morse*, 283 Mass. 27, 35. Such an amendment cannot become effective until it is brought to the attention of the court and allowed. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 125–126.

It is apparent that ten days did not elapse after the entry of the interlocutory decree before the entry of the final decree dismissing the bill. That, however, is not decisive. It is shown by the docket entries (G. L. [Ter. Ed.] c. 231, § 135) that on June 20, 1933, an order was made to the effect that the demurrer was sustained. Such an order thus entered on the docket was a sustaining of the demurrer within the meaning of Rule 23. *Nelson Theatre Co.* v. *Nelson*, 216 Mass. 30, 33. *O'Brien* v. *O'Brien*, 238 Mass. 403, 407. *Churchill* v. *Churchill*, 239 Mass. 443, 445. The ten days limited in the rule began to run from the date of the entry of that order. The parties were bound to take notice of the entry of that order. *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43–44. *Ryan* v. *Hickey*, 240 Mass. 46, 48. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 501. See G. L. (Ter. Ed.) c. 221, § 21. The interlocutory decree in conformity to the order was rightly entered, but that did not dull the effect of the earlier order of the same tenor. It simply put that order in permanent form according to the correct equity practice. The final decree was not entered

until after the expiration of ten days from the entry of the order sustaining the demurrer.   Therefore, it was not prematurely entered under the rule.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*