353 Mass. 691 `691

Chinese Merchants Association *v.* Employers' Liability Assurance Corp. Ltd.

CHINESE MERCHANTS ASSOCIATION *vs.* THE EMPLOYERS'
LIABILITY ASSURANCE CORPORATION, LTD.

Suffolk. January 5, 1968. — February 29, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Exceptions: filing of bill; Rules of court.

Where it appeared that one morning when both counsel in an action
were present in court counsel for an excepting party presented to
the trial judge a motion for extension of the time for filing a bill of
exceptions to a specified date more than seven days later, and simul-
taneously gave a copy of the motion to counsel for the opposing party,
that the judge then suggested reframing the motion in inconsequential
aspects, that the excepting party's counsel proposed to present a
reframed motion that afternoon and the opposing party's counsel
remained silent, and that on that afternoon the reframed motion
was presented to and allowed by the judge in the absence of the
opposing counsel, who before such presentment was not given notice
of the precise time thereof or a copy of the reframed motion, this court
treated the motion as having been allowed in the morning with the
acquiescence and in the presence of the opposing counsel, and there
was no violation of Rule 73 of the Superior Court (1954). [693–694]
Under Rule 73 of the Superior Court (1954), an extension of time for
filing a bill of exceptions granted before the expiration of a previously
fixed time for filing the bill may be granted ex parte for seven days
or less. [694]
A bill of exceptions was seasonably filed where it appeared that an exten-
sion of time for filing the bill to August 31 was granted, that on August
24 an extension of time for filing the bill to September 9 was granted
ex parte, and that the bill was filed on September 3; the second exten-
sion was valid for seven days and did not expire until September 7
under Rule 73 of the Superior Court (1954). [695–696]

CONTRACT. Writ in the Superior Court dated November
20, 1963.

The defendant excepted to dismissal of a bill of exceptions
by *Barron,* J.

*David A. Bakst* for the defendant.

*Richard F. Casson* (*Louis H. Casson* with him) for the
plaintiff.

KIRK, J. In this action of contract on an insurance policy the jury returned a verdict for the plaintiff on June 9, 1964, following a six day trial.

The case is before us on the defendant's exception to the order of the trial judge dismissing its first bill of exceptions relating to errors of the judge at the trial. The order of dismissal was made on June 27, 1966, pursuant to a motion filed and heard on December 2, 1965. The motion was based on the defendant's alleged failure to comply with Rule 73 of the Superior Court (1954).

We set out the sequence of events which preceded the order for dismissal. They occurred in two stages, each relating to a motion by the defendant to extend the time for filing its bill of exceptions.

1. On June 16, 1964, following a hearing on the defendant's motion for a new trial, both counsel being present, counsel for the defendant presented to the judge a motion to extend time for filing its bill of exceptions to August 31, 1964. A copy of the motion was given at this time to counsel for the plaintiff. The judge said that the motion had to be reframed and made suggestions. Upon the defendant's counsel's inquiry if the reframed motion could be presented on the same afternoon, the judge stated that she would be in court all day and that the extension would be granted. The reframed motion was presented to and allowed by the judge that afternoon. No copy of the reframed motion and no notice of the time for presentment was given to counsel for the plaintiff prior to the presentment to the judge in the afternoon. Counsel for the plaintiff was not present when the reframed motion was presented and allowed. On that afternoon (June 16, 1964), however, counsel for the defendant enclosed a copy of the reframed motion in a letter to counsel for the plaintiff informing him that the motion "was this day filed and allowed by the court." Both the original motion and the reframed motion which was allowed requested that the time for filing the bill of exceptions be extended to August 31, 1964.

2. On August 24, 1964, counsel for the defendant filed and

had allowed by another judge a motion that the time for filing the bill of exceptions be extended to September 9, 1964. Counsel for the plaintiff was not given notice of the time of presentment for allowance nor a copy of the proposed motion prior to its allowance, nor was he present. After the allowance, however, and on the day of its allowance, counsel for the defendant enclosed a copy of the motion in a letter to counsel for the plaintiff, advising him that the motion "was allowed ex parte this day." Notice of the allowance of the motion was sent to the trial judge by the clerk on August 31, 1964, as required by the last sentence of the third paragraph of Rule 73. On September 3, 1964, the defendant's bill of exceptions was filed; on November 20, 1964, it was presented to the judge, and the affidavit of presentment was filed on December 14, 1964. Thereafter, there were three hearings on the bill of exceptions with both counsel in attendance.

Subsequently, just prior to the commencement of a fourth hearing scheduled for December 2, 1965, counsel for the plaintiff filed a motion to dismiss the defendant's bill of exceptions for failure to comply with Superior Court Rule 73. He handed a copy to the defendant's counsel. In response to an inquiry by the judge if he waived notice of the hearing, counsel for the defendant said that he did, and the hearing proceeded forthwith. On June 27, 1966, the judge allowed the motion, and the defendant excepted.

The plaintiff did not specify in its motion to dismiss which of the extensions had been improperly granted. The judge's order of dismissal was general. The plaintiff argues that both extensions were invalid. We deal with both.

A. We decline to accept the plaintiff's contention that there was a violation of the rule as to the first extension on June 16, 1964. The motion was discussed with counsel in the morning. Although no precise time was fixed for presenting the reframed motion, the plaintiff's counsel remained silent when he could have asked for a definite time if he wished to be heard. The changes suggested by the judge were inconsequential in that they concerned only the dele-

tion of four lines which were broadly descriptive of the subject matter of the exceptions. In all essentials the reframed motion was the same as that which had been given to the judge and to counsel in the morning. We regard the motion as having been allowed in the morning with the acquiescence and in the presence of counsel. We add that we do not think that the judge, by allowing the motion to dismiss on June 27, 1966, intended to repudiate her allowance of the motion of June 16, 1964, to extend time.

B. The motion of August 24, 1964, although presented for allowance seven days before the expiration date of the first extension (August 31, 1964), called for a new extension to September 9, 1964. Rule 73 on this point is explicit: "Time for filing exceptions shall not be extended for more than seven days without at least twenty-four hours notice to the adverse party and an opportunity to be heard." The necessary implication is that the time for filing may be extended ex parte for seven days or less, *Hellier* v. *Loring,* 242 Mass. 251, 253, provided the extension is granted before the expiration of the time previously fixed for filing the bill of exceptions. *Calcagno* v. *P. H. Graham & Sons Co. Inc.* 313 Mass. 364, 369. Apart from the rule, however, there is no limit on the power of a judge ex parte to allow extensions of time provided the application is made and allowed before the time previously fixed has expired. G. L. c. 231, § 113. *Kennedy* v. *Hub Mfg. Co.* 221 Mass. 136, 139.

The plaintiff asks us to hold that the allowance of the motion to extend by the second judge was a nullity ab initio and argues that since the only valid extension expired on August 31, 1964, the filing of the bill of exceptions on September 3, 1964, was late. The defendant asks us to hold that the allowance of the motion to extend by the second judge was not a nullity and argues that although it was ineffective for more than seven days, it was valid for seven days under the rule, with the result that the filing on September 3, 1964, was seasonable.

The precise point has not, so far as we are aware, been presented heretofore for decision. We confine our discus-

sion and our holding to the precise point. In reference to the predecessor of a kindred rule this court said, "It is a simple rule of common sense directed to the promotion of orderly procedure and to the prevention of disputes and delays." *Day* v. *McClellan,* 236 Mass. 330, 332. Consistent with the full achievement of the purpose of its adoption, a rule which had its origin in "common sense" should be given a common sense application. Rule 73 by design and in its practical operation tends to center responsibility for the expeditious handling of bills of exceptions upon the judge whose actions are the subject of the exceptions rather than to diffuse that responsibility among several judges. At the same time it permits ex parte extensions for short periods to meet developments such as the unavailability of either the responsible judge or adversary counsel, or the court engagements of the excepting attorney or the difficulty in getting the stenographic record. See *Kennedy* v. *Hub Mfg. Co.* 221 Mass. 136, 139.

With these purposes in mind, we decline to apply the relevant provision of Rule 73 in the Draconian fashion advocated by the plaintiff. We hold that the allowance of the motion to extend by the second judge on August 24, 1964, was not a nullity. He then had the power to grant an extension. He manifested his intention to exercise the power. We do not impute to him however an intention to disregard a rule of court which he was in duty bound to observe. *Carp* v. *Kaplan,* 251 Mass. 225, 228. *Kaufman* v. *Buckley,* 285 Mass. 83, 86. The common sense of the situation is that the judge exercised his power to extend the time, and that the last paragraph of Rule 73 operated to limit the extent of its exercise to seven days.

This holding is consistent with the provisions of G. L. c. 231, § 113; it does not derogate from the purpose of the rule, nor does it impair or alter the rights of the litigants. The purpose of the rule is accomplished in that the ex parte extension is for a period not exceeding seven days. *Jefferson* v. *L'Heureux,* 293 Mass. 490, 492. The applicant or moving party, here the defendant, gets no more than it

could in any event get in an ex parte application, i.e., a seven day extension. The adversary, here the plaintiff, is in precisely the position it would be in had the defendant sought an extension for seven days only.

Since the extension granted ex parte by the second judge would not expire by operation of the rule until September 7, 1964, the defendant's bill of exceptions filed on September 3, 1964, was seasonably filed. The dismissal of the bill of exceptions was error.

On point B, the opinion is that of the majority of the court.                                    *Exceptions sustained.*