GERSHOM D. HALL *vs.* JOHN J. MALONEY.

Barnstable.    November 12, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Clerk of Courts. Practice, Civil,* Amendment of clerk's record, Dismissal of action under Common Law Rule 62 of the Superior Court (1923), Exceptions. *Judgment.*

In April, 1920, there was a finding for the plaintiff in an action of contract then pending in the Superior Court. A bill of exceptions saved by the defendant was allowed in November, 1920. There was no further action by either party until September, 1923, when the clerk notified the attorney for each party that the case would be dismissed "under Rule on Oct. 1, 1923." On October 1, 1923, the clerk made a dated entry, "Dismissed under rule of Court No. 62 and judgment entered." No judge was present or holding court in the county at that time. No further action was taken until July 7, 1927, when the clerk, after consulting with the plaintiff but with no motion or petition pending and without notice to the defendant, changed the above docket entry by adding the words, "for plaintiff for $722.67 and $36.48 costs of suit," and on the same day issued a certificate of judgment to the plaintiff on such amended record. The plaintiff brought an action based on such judgment. On July 20, 1927, the clerk, stating on the docket that a mistake had been made, again changed the docket entry by restoring it to its original form. The plaintiff moved that the entry of July 7, 1927, be restored and that the entry of dismissal of October 1, 1923, be expunged. The motion was denied. The plaintiff appealed. *Held,* that

(1) It is not necessary under Common Law Rule 62 of the Superior Court (1923) that a judge be present at the time the dismissal is made;

(2) The dismissal under that rule was a final judgment in the action;

(3) The denial of the motion was not in contravention of the power of a court to correct clerical errors in its records, for there was no clerical error: the original entry made by the clerk on the docket under date of October 1, 1923, was right;

(4) The addition to the entry of October 1, 1923, made on July 7, 1927, was unauthorized, incorrect and not warranted; the correction of that mistake under date of July 20, 1927, was proper.

It *was stated* that, in the circumstances above described, the law afforded ample relief to the plaintiff if he had taken seasonable steps under said Rule 62 or by moving that the defendant's exceptions be dismissed under G. L. c. 231, § 135.

CONTRACT. Writ in the First District Court of Barnstable dated August 13, 1917.

On removal to the Superior Court, the proceedings occurred which are described in the opinion. From a denial by *D. T. O'Connell,* J., of the motion to amend the clerk's record of judgment, the plaintiff appealed.

The case was submitted on briefs.

*R. A. Welsh,* for the plaintiff.

*C. S. Morrill,* for the defendant.

RUGG, C.J. This is an appeal by the plaintiff from the denial of a motion that the clerk be ordered to amend the record. The motion was heard upon an agreed statement of facts. From this it appears that the case was entered in the Superior Court in September, 1918, and that in April, 1920, after a hearing, there was a finding for the plaintiff for a specified sum. Exception was taken by the defendant to the denial of requests for rulings. Exceptions were duly filed and finally allowed on November 4, 1920, as of October 28, 1920. The case was then pending without action by either party until September 4, 1923, when the attorneys for both parties were notified by the clerk that the "case would be dismissed under Rule on Oct. 1, 1923." Thereafter nothing was done by the attorney for either party up to and including October 1, 1923, when the case was dismissed and an entry made by the clerk on the docket of this tenor: "1923 Oct. 1 Dismissed under

rule of Court No. 62 and judgment entered." No judge of the Superior Court was present or holding court in Barnstable County at the time of this dismissal. The rule of the Superior Court referred to in this docket entry in force at that time was entitled "Dismissal of Old Actions," and so far as material was in these words: "On the Tuesday after the first Monday of September in each year the clerk in each county, except Suffolk, shall send to counsel in every case which has remained upon the docket without action, other than placing on the trial list or marking for trial, for two years preceding said date, notice that such case will be dismissed on the first Monday of October following, unless a motion that such case be allowed to remain on the docket alleging cause therefor with affidavit in support thereof shall be filed. If no such motion is filed before said first Monday of October, the case without further notice or hearing shall thereupon be dismissed, and judgment entered forthwith."

Thereafter until on or about July 7, 1927, no further action was taken in the case. On or about that date the clerk, after consulting with the plaintiff but with no motion or petition pending and without notice to the defendant, changed the docket entry of October 1, 1923, already quoted, by adding the following words "for plaintiff for $722.67 and $36.48 costs of suit," and affixing also her initials. Later on the same date but without notice to the defendant the clerk issued to the plaintiff a certificate of judgment on said amended record. The plaintiff brought an action on this judgment, the summons therein being the first notice to the defendant of the change in the docket made by the clerk and of the issuance of such certificate of judgment. On July 20, 1927, the clerk again changed the record by striking out all the words of the first amendment to the record, namely, "for the plaintiff for $722.67 and $36.48 costs of suit," and made the following entry: "1927 July 20 A mistake having been made in my final entry of judgment, I have this day struck from the docket entry the following: 'for plaintiff for $722.67 and $36.48 costs of suit', and notified Walter Welsh Counsel for plaintiff

& C. S. Morrill, Counsel for defendant, of said change. (R. C. S.)." The present motion by the plaintiff is in effect that the words added to the docket on or about July 7, 1927, and thereafter erased, be restored to the record, and that the entry under July 20, 1927, and also the entry of dismissal of October 1, 1923, under the rule be expunged from the record.

The validity of Common Law Rule 62 of the Superior Court (1923) is settled. Doubtless hundreds of cases have been dismissed in accordance therewith. It is not necessary under the rule that a judge be present at the time the dismissal is actually made. The making of the appropriate docket entry becomes a duty of the clerk when the time mentioned in the order pursuant to the rule has arrived and nothing has been done to keep the case alive. *Donovan* v. *Danielson,* 263 Mass. 419, 421. The case was fully within the terms of said Rule 62 and of the order passed pursuant thereto. The dismissal was a final judgment in the case. *Karrick* v. *Wetmore,* 210 Mass. 578. It was equivalent to a nonsuit. *Farnum* v. *Brady, ante,* 53, and cases there collected.

The power of a court to correct clerical errors in its records is ample, but in the case at bar there was no clerical error. The original entry made by the clerk on the docket under date of October 1, 1923, was right. It conformed to the facts. The addition thereto made on or about July 7, 1927, was unauthorized, incorrect and not warranted. The correction of that mistake under date of July 20, 1927, was the right thing for the clerk to do. If seasonable steps had been taken the law afforded ample relief to the plaintiff. He might have moved that the defendant's exceptions be dismissed under G. L. c. 231, § 135. *Griffin* v. *Griffin,* 222 Mass. 218. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137. He might have filed proper affidavits under Rule 62 and thus have prevented the dismissal of the case.

*Order denying motion affirmed.*