BRIDGET M. GILL *vs.* WILLIAM G. STRETTON.

Middlesex. December 10, 1936. — September 18, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Interrogatories; Nonsuit; Appellate Division: report, appeal; Rules of court. *Words,* "Final decision."

Upon the nonsuit of a plaintiff in a district court for failure to answer interrogatories, the action became "ripe for judgment" and for report to the Appellate Division under § 108 of G. L. (Ter. Ed.) c. 231; and, upon dismissal of the report by the Appellate Division, the plaintiff had a right of appeal under § 109.

An entry of nonsuit for failure to answer interrogatories, made by the clerk of a district court in accordance with Rule 13A, was not contrary to law.

An order by a district court judge that answers be made to interrogatories notwithstanding an objection by the interrogated party that more than thirty interrogatories had been filed without leave, had the same effect as if permission to file all of the interrogatories had been given in advance.

CONTRACT. Writ in the Fourth District Court of Eastern Middlesex dated October 31, 1935.

Reports to the Appellate Division for the Northern District by *Morton*, J., were ordered dismissed. The plaintiff appealed.

*J. J. Enright*, for the plaintiff, submitted a brief.

*K. L. Johnson*, for the defendant.

RUGG, C.J. The plaintiff seeks in this action of contract to recover money alleged to have been overpaid by her to the defendant, who performed labor and furnished material for her under a contract. There was pleaded in the answer of the defendant a general denial, payment, accord and satisfaction, and the statute of limitations. On January 4, 1936, the defendant filed interrogatories to be answered by the plaintiff, which were numbered 1 to 27, both inclusive.* The defendant did not first obtain permission to file the interrogatories, nor show adequate cause for filing more than thirty interrogatories, but simply filed them in the clerk's office in the usual way. The first interrogatory asked for the full name and address. On January 23, 1936, the plaintiff filed answers, which were signed but not sworn to, of the tenor following: "1. Bridget M. Gill, 42 Prospect Street, Woburn, Mass. 2. The plaintiff respectfully declines to answer any of the interrogatories as filed to her to answer unless ordered to do so by the court on the ground that it appears that the defendant has filed without leave of court and without showing cause therefor more than the limited number of interrogatories including subdivisions thereof permitted to be filed under the interrogatory statute as amended." On February 5, 1936, after due notice to the attorney for the plaintiff but in the absence of such attorney, the defendant moved that the court order the plaintiff to answer interrogatories numbered 2 to 27, both inclusive. On the same day the court entered the following order: "the defendant's motion for further answers allowed, answers to be filed on or before February 15, 1936." The plaintiff seasonably filed a request for a report of this order to the Appellate Division.

On February 18, 1936, the defendant, without notice to

---

*Some of these interrogatories might have been considered multiple. — REPORTER.

the plaintiff, applied under Rule 13A (promulgated on January 20, 1934) of the District Courts* for a nonsuit of the plaintiff for failure to file answers to the defendant's interrogatories as ordered to be answered on or before February 15, 1936. On February 19, 1936, the plaintiff was notified that the following order had been entered on February 18, 1936: "In the above entitled case, Motion allowed, plaintiff non-suited, to be removed without further order if answers are filed within ten days." On February 21, 1936, the plaintiff duly made a request for a report to the Appellate Division of said order as made on February 18, 1936.

The Appellate Division found and decided that there was no prejudicial error in the order for the nonsuit of the plaintiff and ordered that the report be dismissed. The plaintiff appealed.

The entry of nonsuit of the plaintiff made by order of the court was a final disposition of the case. *Karrick* v. *Wetmore*, 210 Mass. 578. *Farnum* v. *Brady*, 269 Mass. 53. *Hall* v. *Maloney*, 269 Mass. 228. Report as to the correctness of that order was seasonably requested and properly made. That order was determinative of the action. "The judgment of nonsuit" is a term frequently applied to the disposition of a case by nonsuit. *Ensign* v. *Bartholomew*, 1 Met. 274, 276. *Haskell* v. *Friend*, 196 Mass. 198, 200, and cases cited. The dismissal of the report in the case at bar was a "final decision" within the meaning of those words in G. L. (Ter. Ed.) c. 231, § 109, so that appeal lay to this court. The case at bar is distinguishable from cases like *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526, *Beacon Tool & Machinery Co.* v. *National Products Manuf.*

---

* Said Rule 13A reads as follows: "Interrogatories. If a party interrogated shall file no answers within twenty days after notice has been sent to him with a copy of the interrogatories under G. L. c. 231, sec. 63 as shown by affidavit or within such extension of time as may appear of record, or shall file no further answers within the time allowed him therefor by the Court, the clerk upon written application of the interrogating party shall enter as of course against the party interrogated, with written notice thereof as provided in Rule XIV, a non-suit or default according to the case conditioned however that it shall be vacated by the clerk as of course if answers or further answers, as the case may be, to the interrogatories shall be filed within ten days after such entry." — REPORTER.

*Co.* 252 Mass. 88, and *Demers* v. *Scaramella*, 252 Mass. 430, where there was no appeal from a final decision. It is also unlike *Hammond* v. *Boston Terminal Co.* 295 Mass. 566, where there was no report of questions connected with the order for default or assessment of damages. The case appears to be properly before us.

In the case at bar the plaintiff did not appear at the time and place appointed for hearing on the motion for an order that she answer the interrogatories. She ought then to have been present and made appropriate objection, if any she had. Instead of doing that, she asked for a report on the order. There was ample power vested in the trial judge to order answers to be made to the interrogatories. G. L. (Ter. Ed.) c. 231, §§ 61, 64. It was the duty of the plaintiff in the circumstances here disclosed to comply with that order. Compliance with that order was necessary in order that the trial of the case might go forward. Refusal by the plaintiff to obey that order was trifling with the processes of justice. *Hooton* v. *G. F. Redmond & Co. Inc.* 237 Mass. 508, 512, 513. "The entry of a nonsuit is the appropriate means of dealing with a refusal to comply with such an order as this." *Nickerson* v. *Glines*, 220 Mass. 333, 336. The plaintiff shows no ground for relief in respect to the entry of the nonsuit.

The entry of nonsuit in accordance with Rule 13A of the District Courts was not contrary to law. It conforms in principle to practice established in the Superior Court. The presence of the trial judge at the time was not essential. *Hall* v. *Maloney*, 269 Mass. 228, 231. It is not necessary to examine the other question reported. The judge had jurisdiction, at the time the order to answer the interrogatories was made, to allow more than thirty interrogatories if it seemed to him wise in the exercise of sound judgment. The order to answer had the same effect as if permission to file all of the interrogatories had been given in advance.

*Order dismissing report affirmed.*