THEODORE F. BORST *vs.* EDWARD G. YOUNG & another.

Suffolk. March 8, 1938. — January 10, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, & COX, JJ.

*Equity Pleading and Practice,* Dismissal under rule for want of prosecution. *Equity Jurisdiction,* To vacate decree. *Interest.*

A judge of the Superior Court had power to vacate a dismissal of a suit in equity under Common Law Rule 62 of the Superior Court (1923), as amended, resulting from negligent failure of the plaintiff's attorney to prosecute the suit, and no laches nor abuse of discretion appeared where the judge allowed a motion to vacate filed by a succeeding attorney about ten months after the dismissal and promptly after he had discovered it.

In a suit in equity commenced in 1926 to reach and apply shares of stock in payment of a debt for which demand was made in 1920, it was proper, in a final decree for the plaintiff entered in 1936 after trial on the merits, to allow interest on the debt from the time of the demand though the suit had been dismissed in 1931 for want of prosecution and the dismissal had been vacated on motion by the plaintiff in 1932.

BILL IN EQUITY, filed in the Superior Court on February 26, 1926.

The decrees appealed from were entered by order of *F. T. Hammond,* J.

*K. L. Pease,* for the defendant Young.

*W. C. Towne,* for the plaintiff.

LUMMUS, J. The findings of the judge show these facts. The defendant Young owed the plaintiff $1,271.08, for which demand was made on July 10, 1920. This bill to reach and apply shares of stock in payment of the debt was filed on February 26, 1926. Early in June, 1928, the clerk marked the case inactive under Common Law Rule 62 of the Superior Court (1923), as amended on April 22, 1926, which applied to suits in equity as well as to actions at law. That rule resembled, but was not identical with, the present rule, Rule 85 of the Superior Court (1932). Under that rule, a case remaining on the docket for two years without action, other than action of certain specified kinds that fail to show real progress, was to be marked inactive by the clerk, and

notice was to be given to counsel or parties. Marking the case inactive did not affect the pendency of the case nor impede trial and disposition. It only set running a period of three years during which the case might be heard and disposed of, but after which, unless the court should otherwise order, judgment or decree of dismissal would be entered without further notice.

Through negligence of the plaintiff's former attorney, the case was not disposed of nor even heard during the three years after it was marked inactive. Consequently, on June 6, 1931, the clerk made an entry upon the docket that the case was "dismissed under Rule 62." That entry, under our decisions, amounted to a final decree terminating the case by dismissal though adjudicating nothing as to the merits of the cause stated in the bill. *Donovan* v. *Danielson*, 263 Mass. 419. *Farnum* v. *Brady*, 269 Mass. 53. *Hall* v. *Maloney*, 269 Mass. 228. *Levinton* v. *Poorvu*, 293 Mass. 338, 345. *Gill* v. *Stretton*, 298 Mass. 342. Through the same negligence nothing was done towards vacating that final decree until the death of that attorney in December, 1931. After that, the plaintiff employed new counsel, and left for Florida for his health, asking the new counsel to mark the case for a hearing to be held upon the plaintiff's return late in March. The dismissal of the case was discovered by the new attorney in February, 1932. Immediately upon the plaintiff's return, on March 21, 1932, the plaintiff signed an affidavit of the facts, prepared by his new attorney. On March 31, 1932, the latter notified counsel for the defendants that he would move to have the final decree vacated. On April 5, 1932, such a motion was filed, and, after hearing, it was allowed on June 22, 1932. The defendants duly appealed. The allowance of that motion purported to restore the case to life and to leave it open for further proceedings. In effect it was an interlocutory decree, and was appealable as such. *Graustein* v. *Dolan*, 282 Mass. 579, 583, and cases cited.

The case was then heard upon its merits. A new final decree was entered on July 30, 1936, establishing the plaintiff's debt in the amount of $1,271.08, with interest

from July 10, 1920, and costs, and ordering the shares of stock applied to the payment of the debt. The appeal of the defendants from the final decree brings before us the correctness of the interlocutory decree from which an appeal was taken, as well as the correctness of the final decree. *Fusaro* v. *Murray,* 300 Mass. 229. *School Committee of Winchendon* v. *Selectmen of Winchendon,* 300 Mass. 266. *New England Co.* v. *Pritchard,* 300 Mass. 362, 364. Two points are argued.

1. Since the plaintiff had lost his day in court through the negligence of his attorney, the judge had power to vacate the final decree on motion. *Donovan* v. *Danielson,* 263 Mass. 419. *Sullivan* v. *Sullivan,* 266 Mass. 228. *Hyde Park Savings Bank* v. *Davankoskas,* 298 Mass. 421. No time limit has been set for the exercise of that power, though doubtless the moving party must act promptly upon acquiring knowledge. In this case we think that laches was not shown. The question of discretion is open on the appeal, but we cannot say that discretion was wrongly exercised. *Long* v. *George,* 296 Mass. 574, 579–580. *Manzi* v. *Carlson,* 278 Mass. 267.

2. From the date of demand, July 10, 1920, the plaintiff had not, but the defendant Young had, the use of money owed to the plaintiff. Except for the period between the final decree of dismissal on June 6, 1931, and the vacating of that decree on June 22, 1932, the defendants could have pressed for hearing and disposition as readily as the plaintiff. Even during that period the plaintiff was entitled to the money. Assuming that the judge had power to deny the plaintiff the whole or a part of the interest, as the defendants contend, and that the judge was in error in ruling to the contrary, any such error was immaterial, for we ourselves see no sufficient reason for departing from the usual rule giving interest from the time of demand. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 452. *Bloom, South & Gurney, Inc.* v. *Mitchell,* 289 Mass. 376, 378, 379. *Ratner* v. *Hill,* 270 Mass. 249. We find no error in the final decree.

*Interlocutory decree affirmed.*

*Final decree affirmed, with costs.*