RILEY, J.
The action sounding in tort, alleges that the defendant, for the purpose of procuring a loan from the plaintiff, did fraudulently misrepresent in writing his financial status, and that the plaintiff believing the writing to be true made the loan which has not been repaid in full, and now seeks recovery of the unpaid balance.
The defendant was defaulted under rule XIII of rules of this court, for failure to answer interrogatories. Later, damages were assessed, followed by the entry of judgment, upon which judgment execution issued.
Two months after the entry of judgment the defendant by motion asked that the entry of judgment be stricken out and that the default be removed, assigning as grounds therefor a misstatement of fact appearing in the affidavit, — which the plaintiff was required to make and file in compliance with court rule XIII. The motion-session judge after a hearing ordered the entry of judgment stricken out and the default removed and further ordered the assessment of damages vacated, on the grounds that the default had been erroneously entered. Hence this report. We are of *[122] opinion that the judge was without jurisdiction to make such order.
Chronologically stated the evidence appearing in the report is as follows: The action was commenced by writ dated March 30, 1950, returnable on April 22, 1950; that on April 25, 1950, the defendant appeared pro se and filed an answer of general denial and also filed a suggestion of bankruptcy accompanied by a motion to continue the case to await the outcome of the bankruptcy proceedings; that on June 1, 1950, the plaintiff duly filed interrogatories to the defendant, nineteen in number; that the defendant having failed to file answers to the interrogatories, the plaintiff on June 27, 1950, filed the following application to default the defendant for failure to answer interrogatories.
“AFFIDAVIT AND APPLICATION FOR DEFAULT UNDER RULE XIII. The plaintiff in the above entitled action says that on June 26th, 1950 notice of filing, together with a copy of the interrogatories was mailed to the defendant and that the answers to said interrogatories have not been filed.
Wherefore application is hereby made for the entry of a default.
This statement is made under the penalties of perjury.
As a result of the filing of the aforesaid application to default the defendant, an entry was made on the docket of said court on June 27, 1950, by a clerk in the office of the clerk of said court, purporting to default the defendant for failure to answer the plaintiff’s interrogatories within the ten days provided by the rule, and notice thereof was sent to the defendant by the clerk. The defendant did not file answers to the interrogatories within the ten days of grace.
On October 14, 1950, the case was placed on the list for assessment of damages and notice thereof was given to the defendant. It was continued to the assessment list of October 19, 1950 at which time the defendant was represented by counsel, who appeared generally. On October 20, 1950, counsel for the defendant filed a motion to continue, suggesting therein the pendency of bankruptcy proceedings. No action *[123] appears to have been, taken on this motion, but the case was continued on the assessment list to October 28, 1950, and then further continued to the assessment list of November 2, 1950, at which date evidence was received in relation to damages. Damages were assessed in the sum of $3,071.64 on November 2, 1950. On November 3, 1950, the plaintiff filed a military affidavit and also filed the original note in the clerk’s office. On November 10, 1950, the plaintiff waived damages in excess of the ad damnum of his writ, and on November 17, 1950, judgment was entered for the plaintiff in the amount of $3,000.00 damages and $11.00 costs, totaling $3,011.00, and on November 18, 1950, execution issued.
In this posture the case rested for about two months, or until January 20, 1951, on which date the defendant filed a motion reading as follows:
“The defendant moves the court strike the entry of judgment from the record and remove the default and assigns as reasons therefore, that an attorney for the plaintiff! stated to this Honorable Court, under penalties of perjury, in an application for default under Rule XIII, ‘that on June 26, 1950, notice of filing together with a copy of the interrogatories was mailed to the defendant and that the answers to said interrogatories have not been filed,’ that one day later, June 27, 1950, said attorney filed said application for default for failure to answer said interrogatories, that on said 27th day of June, 1950, the defendant was defaulted because of said application and by reason of said application and default the plaintiff improperly caused an entry of judgment to be made.”
This motion was argued by counsel on January 24, 1951, and acted upon by the judge as follows:
“It appearing to the court on inspection of the record that the default was erroneously entered, the defendant’s motion to strike out the entry of judgment and to remove default is allowed. The order of the court assessing damages is vacated."
From this last described order of court, dated January 24, 1951, the: report to this division arises. The single question thus presented for determination is whether the court had jurisdiction to enter the order of January 24, 1951.
We need not discuss questions that might be open in a proper proceeding attacking the judgment, except to mention that the power to remove a default at any time before judgment is liberal and includes the power to set aside all proceedings subsequent to the. default, Hurnanen v. Gardner Automobile Co., 225 Mass. 189, *[124] 191, and that the record herein discloses no such motion ever having been made.
Weinberg, Rosen & Wein, attys. for deft.
Max Goldstein, R. R. Sullivan, attys. for plff.
We are of opinion that the judgment entered on November 17, 1950, was a final disposition of the case which could only be vacated or set aside by an appropriate proceeding authorized by law, and that it was beyond the jurisdiction of a judge to vacate or strike out such judgment on mere motion. Shawmut Commercial Paper Co. v. Cram, 212 Mass. 108. Further, we are of opinion that the report discloses no such clerical errors, mistakes in computation or similar blunders, as commented on in the case of Amory v. Assessors of Boston, 309 Mass. 162, 163, nor such formal defects or imperfections; or amendments required by justice “in affirmance of the judgment” within the provisions of General Laws c. 231, § 56.
The motion here under discussion is a disaffirmance of the judgment, rather than an affirmance of it.
It is ordered, that the order of January 24, 1951, be and the same hereby is reversed.

Order reversed.