ROBERTS, J.
This is an action of contract to recover the sum of $470.85 with interest for goods sold and delivered. The answer is a general denial and payment.
*[141] On August 3, 1951, after issue had been joined, the plaintiff filed an affidavit of no defence and “motion for immediate entry of judgment.” G. L. (Ter. Ed.) c. 231, § 59B. Subsequently, in compliance with the provisions of said section 59B, the plaintiff gave a seasonable notice to the defendant that a hearing would be held on the motion on August 9, 1951.
The motion came on for hearing in the motion session on that date at which time the defendant was not represented, nor had it filed a counter-affidavit nor claim for trial. In the absence of the defendant the court ordered the immediate entry of judgment in allowing the plaintiff’s motion.
Subsequently on August 14, the defendant filed a demand for trial alleging that it had a good defence. The defendant did not set forth specifically or clearly any substantive facts upon which it relied as a de-fence and while the document was called an “affidavit,” it was not signed under the penalties of perjury. On August 17, judgment was recorded for the plaintiff and execution issued the next day.
On September 20, the defendant filed a “motion to correct record and for superseadeas,” alleging that “judgment was erroneously recorded for the plaintiff on August 17, 1951” and that accordingly “there exists a misprision of a clerk which the court is bound to correct.”
This motion was heard and denied on September 26, 1951, and, the defendant claiming to be aggrieved by the denial of said motion, the trial judge reported the same for determination of this division.
G. L., c. 231, § 59B relating to Motions for Immediate Entry of Judgment provides: “. . .If the defendant does not appear at said hearing or file at or before the time set for hearing an affidavit setting forth specifically and clearly the substantive facts upon which he relies as a defence, the court may enter judgment by default.”
The issue1 involved is a narrow one. The defendant admits that it was not represented in court on August 9 and agrees that judgment could have been entered against it on the plaintiff’s motion but argues *[142] that as no default was recorded on the docket he had a right to file its “demand for trial” and that judgment was erroneously recorded for the plaintiff, and that accordingly the court should have allowed its motion to “correct a misprision of a clerk.”
George Michaels, attorney for plaintiff.
Pickering, Metcalf, Cushing, Gray & Allen, attorneys for defendant.
We cannot agree with this contention. It was not fatal under the circumstances that there was no formal default of the defendant recorded on the docket, nor can we assume in favor of the defendant who was not present and therefore subject to default that the single entry of judgment made was inconsistent with one entered by default. The action of the judge in ordering judgment was clearly within the jurisdiction of the court and there can be no doubt that the entry of final judgment on the docket was made intentionally and that there was no clerical error or mistake. Karrick v. Wetmore, 210 Mass. 578; Hall v. Maloney, 269 Mass. 228; Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597; Gill v. Stretton, 298 Mass. 342, 344.
It follows that the judgment entered was a final disposition of the case which could not be vacated on the plaintiff’s motion which was properly denied. Such a motion was beyond the jurisdiction of the court. Shawmut Commercial Paper Co. v. Cram, 212 Mass. 108; Amory v. Boston, 209 Mass. 162; Globe Plan, Inc. v. Weisser, 3 Mass. App. Dec. 121, Yol. II, Legalite, No. 30.

Report dismissed.