GEORGE M. POLAND & others vs. NEW BEDFORD, WOODS
HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAM-
SHIP AUTHORITY.

Suffolk.   March 4, 1952. — April 3, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Practice, Civil,* Interrogatories.

A defendant conditionally defaulted under Rule 36 of the Superior Court
as amended on October 31, 1947, for failure to answer interrogatories
continued to have the same right to a court order respecting the pro-
priety of particular interrogatories as he would have had if he had
filed his answers within the time originally allowed, and the filing
within thirty days after the default of answers to most of the interroga-
tories with refusals to answer the others "unless ordered to do so by
the court" was a sufficient compliance with the condition of the de-
fault and vacated the default as of course.

The fact that an interrogated party had not objected to the allowance
of a motion for leave to file more than thirty interrogatories under
G. L. (Ter. Ed.) c. 231, § 61, did not deprive him of his right to a court
order respecting the propriety of particular interrogatories filed.

The allowance of a motion under G. L. (Ter. Ed.) c. 231, § 61, for leave to
file more than thirty interrogatories did not adjudicate the propriety
of any of the interrogatories filed.

CONTRACT.   Writ in the Superior Court dated January 3,
1951.

Denial of a motion for judgment was reported by *Forte,* J.

*J. C. Roy,* for the plaintiffs.

*M. M. Lyons,* for the defendant, submitted a brief.

WILKINS, J.   In this action for legal services, the plain-
tiffs, on September 14, 1951, by leave of court, filed more
than thirty interrogatories to the defendant.   G. L. (Ter.
Ed.) c. 231, § 61.   No answers were made within twenty
days.   See G. L. (Ter. Ed.) c. 231, § 62; § 63, as amended by
St. 1932, c. 84, § 1.   On October 15, 1951, pursuant to Rule
36 of the Superior Court (1932), as amended October 31,
1947, the plaintiffs' application to default the defendant was

allowed.  So far as material, this rule reads: "Upon the filing of such an application the clerk shall enter as of course against the interrogated party a . . . default . . . upon condition that it shall be vacated as of course if the answers . . . shall be filed within thirty days thereafter . . . ."  On November 9, 1951, the defendant filed answers to the greater part of the interrogatories, but as to ten interrogatories the answer was, "The defendant refuses to answer this inter-' rogatory unless ordered to do so by the court."  Thereafter the plaintiffs filed a motion for the entry of judgment, which, subject to their exception, the judge denied, and the case is here upon report of the correctness of that ruling.

There was no error.  The defendant stands in no worse position than if it had made the same response within twenty days after the interrogatories were filed.  That is the effect of a proper interpretation of Rule 36, as amended.  The entry of the conditional default by the clerk was a routine matter.  It adjudged nothing except that the defendant had not made answer within the time prescribed by statute.  The rule does not mean that, once default is entered, the defendant must answer every interrogatory, however incompetent or improper, at the peril of having judgment entered against it.  It is conceded that, if the defendant had filed real answers to some interrogatories and refused to answer others within the time afforded by statute or court order, no default properly could be entered.  Under the rule the defendant continued to have the same right to a court order as to the propriety of the specific interrogatories and answers.  It had not become an outlaw under our procedure as to interrogatories.  In the circumstances, its answers to many interrogatories and its submission of the propriety of certain others to the ruling of the court were a compliance with the condition in the default order.  Under the rule the default was vacated as of course upon the defendant filing the response it did within the thirty day period.  In both *Downing* v. *Downing,* 227 Mass. 7, and *Gill* v. *Stretton,* 298 Mass. 342, after default there was no real effort by the interrogated party to file answers.  See

*Hooton* v. *G. F. Redmond & Co. Inc.* 237 Mass. 508, 512–513; *Fels* v. *Raymond,* 139 Mass. 98, 100–101.

The defendant is likewise in no worse position because, at the time the motion was allowed to permit the filing of more than thirty interrogatories, it apparently made no objection. The allowance of the motion for leave to exceed the statutory number of interrogatories was not an adjudication as to the sufficiency of any of them.

In accordance with the terms of the report, the case is to stand in the Superior Court for the hearing of any matter (including questions relating to the sufficiency of the answers to interrogatories) which may properly be raised.

*So ordered.*