*Southern Division*

*District Court of Brockton*

No. 13102

**IGNATIUS GREAVES**

v.

**JACK W. LACEY**

*Callan, J.* Action of tort for personal injuries and property damage. On June 24, 1955 the Judge, (*Kupka, J.*) acting upon the plaintiff's motion to expunge certain answers of the defendant to the plaintiff's interrogatories and to order the defendant to further answer made the following order, "Interrogatories 2, 11, 12, 13 to be further answered within twenty days or the defendant to be defaulted." At the hearing counsel for the plaintiff was present but no one for the defendant appeared. There appears to be no contention on the defendant's part of lack of proper notice for the hearing of this motion.

Due notice of the Court's order was sent to the defendant. On July 15 following, the defendant was defaulted by order of the Court without any motion or application for default by the plaintiff. On July 21, 1955 the defendant filed further answers to the interrogatories with the clerk which answers were returned by the clerk as, "Not in order as motion to remove default must be filed." The defendant on August 30, 1955, filed a motion to remove the default and file further answers. This motion was heard on September 16 and denied and on the same day a motion for rehearing was filed by the defendant. No requests for rulings were filed on this date. On September 20 the defendant claimed a report to the Court's denial of the motion to remove the default. Three days later the motion for rehearing was heard and denied and notices mailed to the parties. At the hearing of this motion the defendant filed the following requests for rulings:

1. "The Court cannot of its own initiative in the absence of a written application or motion by the interrogating party order a default to be entered or enter a default against a party for failing to file further answers to interrogatories as ordered.

2. The defendant fully complied with Rule 13 of the Rules of District Courts by filing with the Clerk further answers to plaintiff's interrogatories on July 21, 1955.

3. Under Rule 13 of the Rules of District Courts it was the duty of the Clerk, upon the filing of further answers on July 21, 1955, to vacate the default as of course entered on July 15, 1955."

All of the requested rulings were denied with the additional finding by the Court of, "I find the answers were not filed within the twenty day period." No claim for report was filed by the defendant but on September 24, 1955 a draft report was filed by him. Also at the hearing of September 23 the defendant's attorney filed an affidavit to the effect that the defendant filed with the Clerk further answers on July 21, 1955 which were received and stamped by the Clerk and returned to the defendant's attorney without being recorded on the docket and further that the defendant has a substantial defense to the plaintiff's cause of action and that justice requires that the case be tried on its merits. On December 2, 1955 another Judge assessed damages for the plaintiff in the sum of $1,430.00.

The defendant claiming to be aggrieved by the denial of the motion to remove the default and for leave to file further answers, and by the denial of his request for rulings and motion for rehearing, the same is reported to this Court for determination.

There was ample power vested in the trial Judge to order further answers to be made to the plaintiff's interrogatories. G. L. c. 231, §61. If the defendant had any objections he should have been present at the hearing and stated them. The granting of the motion lies within the sound discretion of the judge. *Hooton v. G. F. Redmond & Co., Inc.*, 237 Mass. 508, 512. The interrogated party must be given a reasonable opportunity to further answer before a default could be entered. *Fels v. Raymond*, 139 Mass. 98. In the case in issue twenty days was allowed, and this was under the circumstances a reasonable time. The defendant never requested any extension. No further answers were filed by the defendant within

the time ordered and by virtue of G. L. c. 231, §64 the judge could, "make and enter such order, judgment or decree as justice requires." The judge did this on July 15 when the defendant was defaulted by order of the Court. *Amherst & Belchertown RR v. Watson*, 8 Gray 529. *Harding v. Morrill*, 136 Mass. 291. Whether a default should be entered at the expiration of the time fixed for answering or further time allowed is within the discretion of the judge. *Townsend v. Gibbs*, 11 Cush. 158; *Stern v. Filene*, 14 Allen 9; *Harding v. Noyes*, 125 Mass. 572; *Sawyer Co. v. Boyajian*, 296 Mass. 215; *Gill v. Stretton*, 298 Mass. 342. It is true that the plaintiff filed no motion to default the defendant for failure to file answers within the time ordered as was done in the cases cited to us by the defendant but we see no reason why the judge of his own volition could not act and enter a default. From an examination of the docket he could make a finding of compliance or noncompliance with his order. If the defendant contends that a default should not have entered for failure to file further answers without a hearing at which he would have an opportunity to state any legitimate reasons for noncompliance, he was not harmed by the entry of the default since he could have offered these same reasons at the hearing on the motion to remove the default.

While the general practice is for the Clerk on application by the interrogating party upon failure of the interrogated party to comply with the statute or court order to enter a non-suit or default as the case may be with a condition subsequent, which if complied with automatically removes the default or non-suit, the Court is not without power to act *sua sponte*. G. L. c. 231, §64 District Court Rules — 13. A Court's authority to make an order in the interest of orderly procedure implies authority to enforce it. Disobedience of an order justifies the Court in entering a default. *Nickerson v. Glines*,

220 Mass. 333. Although rules of the Court have the force of law and are as binding as statutes, thereby giving the judge no power to suspend them (*Kaufman v. Buckley*, 285 Mass. 83, 86), they are not in limitation of authority given a judge or party by statute but rather in supplement thereof. Rule 13 of the District Court Rules is not in conflict with the statute and is of help to an interrogating party against one who fails to comply with a court order. The rule obviates the necessity of the interrogating party filing a motion for default (or non-suit as the case may be) and having a hearing thereon.

As to whether or not the judge on the defendant's motion should remove the default which he had the right to enter, lies within his sound judicial discretion and no exception or report lies to the exercise of such discretion. *Harding v. Morrill*, 136 Mass. 291. The action on the defendant's motion for rehearing stands on the same footing. *Peterson v. Hopson*, 306 Mass. 597. The judge found that further answers were not filed within the twenty day period as ordered and consequently Rule 13 did not apply. The defendant has not been aggrieved or prejudiced by the denial of the defendant's motions or denial of the requests for rulings and accordingly an order is to be entered of "Report Dismissed."

So ordered.

James A. Reilly, Esq., for the plaintiff.

William F. Hallisey, Esq., for the defendant.