RALPH L. AMATO & another *vs.* A. ROBERT DRAYMORE & others (and two companion cases[1]).

Hampden.   March 8, 1972. — June 1, 1972.

Present: TAURO, C. J., CUTTER, SPIEGEL, REARDON, & HENNESSEY, JJ.

*Equity Pleading and Practice*, Revival of proceeding, Judicial discretion.

No abuse of discretion appeared in denial of motions to revive proceedings which had been dismissed for want of prosecution. [18–19]

TWO PETITIONS for leave to file bills of review filed in the Superior Court on March 21, 1968.

PETITION for a writ of review filed in the Superior Court on March 21, 1968.

Following dismissal of such proceedings for want of prosecution, motions in substance to revive them were denied by *Roy*, J., and the petitioners alleged exceptions.

*Steven W. Silverman* for the petitioners.

*Joseph D. Rosenbloom* for the respondents Draymore & others.

REARDON, J.   The present petitioners (petitioners) brought two suits in equity, one in 1965, and one in 1966. An action at law was brought against Michaela V. Amato, one of the petitioners. One of the suits in general was based on certain business transactions and

---

[1] Ralph L. Amato & another *vs.* Kenmore Development Co., Inc. Michaela V. Amato *vs.* A. Robert Draymore.

sought accountings and injunctive relief. The other suit was for redemption from a mortgage. The action at law was on a purported indemnity agreement. The suits and the action were referred to a master sitting also as an auditor. Before him the parties consented to the entry of final decrees dismissing the bills in the suits, and to the entry of judgment for neither party in the law action.

On or about April 12, 1967, the petitioners moved in each suit "to . . . Vacate Consent Decrees and Dismiss Master's Report," and in the law action to vacate judgment. These motions were denied on the ground that the petitioners had mistaken their remedy. On March 21, 1968, the petitioners filed two petitions for leave to file bills of review and a petition for a writ of review, asserting that their consent to the final decrees in the suits in equity and to the neither party judgment in the action at law was based on documents which they had since discovered to be false. On May 31, 1968, an order of notice on each petition returnable on June 17, 1968, was issued, service of which was not made on the respondents until Sunday, June 16, 1968. It is the petitioners' claim that on June 15, 1968, they were advised that process had not been served, and for that reason, as well as the distance of travel to the court house, neither the petitioners nor their attorney was present at court on the return day, when the three petitions were "dismissed with prejudice for want of prosecution." No appeals from or exceptions to these dismissals were taken. On June 24, 1968, the petitioners, with respect to each petition, moved that "the entry of judgment be stayed." These motions were denied on December 19, 1968, and the petitioners excepted to the denials.

A case dismissed, not on the merits, but for want of prosecution, may for good cause shown be revived within a reasonable time. *Donovan* v. *Danielson,* 263 Mass. 419, 423–424. *Borst* v. *Young,* 302 Mass. 124, 125–126. The petitioners' motions to stay "entry of judgment" were essentially motions to revive the proceedings on

the petitions. The judge's disposition of the motions to revive was a matter of discretion. *Borst* v. *Young, supra,* 126. We cannot say, in light of the extensive employment of judicial facilities that these cases have commanded and for other reasons, that that discretion was abused here.

*Exceptions overruled.*