*Western District*

Appellate Division No. 165

## RALPH L. AMATO and MICHAELA V. AMATO
## v.
## LEONARD ALPHONSO and CHRIS BYRON

Argued: Dec. 1, 1975. Decided: Feb. 23, 1976.

Case tried to *Moran, J.,* in the District Court of Eastern Hampden. Number: 73 R 206.

Present—Cimini, J., (Presiding); Gould, Larkin, J.J.

**Cimini, J.** The defendants were retained by the plaintiffs herein to file petitions for leave to file bill of review in the Superior Court for Hampden County in an effort to re-open certain cases, which had been the subject of a Master's hearing.

These petitions were filed on March 21, 1968, in the Superior Court. In accordance with the practice in Hampden County, the defendant, Alphonso, personally came to Springfield, saw the judge sitting and obtained an order of notice, dated May 31, 1968, to be served forthwith, and returnable June 17, 1968. The order of notice read:

> "On the petition aforesaid, it is ordered that the petitioners notify the said A. Robert Draymore, Harold E. Kent, and Richard B. Wilkes to appear before the Justices of this Court at Springfield aforesaid, on Monday the seventeenth day of June next at ten o'clock A.M. by causing them to be served with an attested copy of said petition and this order forthwith, that they may then and there show cause why the prayer of said petition should not be granted. (Coddaire, Justice)".

On June 11, 1968, the defendants mailed the petition and order of notice to the sheriff's office in Springfield with instructions for service. Defendants testified that on Saturday, June 15, 1968, the defendant, Alphonso, who had done most of the work on the case thus far, talked by telephone with the sheriff who indicated service had not been made on the respond-

ents in the petitions. Consequently, the defendants, Alphonso and Byron, both being from New Bedford, decided not to appear at the Superior Court in Springfield on Monday, June 17, 1968, the return day of the order of notice.

According to the sheriff's return of service, service was in fact made on Sunday, June 16, 1968, and on Monday, June 17, the respondents appeared in court with counsel, who filed an appearance on their behalf. In the absence of the defendants, Alphonso and Byron, counsel for the respondents asked the court to dismiss the petitions. On June 17, an order was entered which read, "The above entitled petition is dismissed with prejudice for want of prosecution. By the Court (Roy, J.)".

Subsequently, upon learning of the dismissal, the defendants, Alphonso and Byron, on June 24, 1968 filed a motion to stay entry of judgment. At the hearing on this motion, the defendant, Alphonso, related to the judge (Roy, J.) the story of the order of notice and the conversation with the sheriff relative to lack of service and the fact that because of his belief that service would not be made and the distance between Springfield and New Bedford, neither he nor Attorney Byron appeared in court on the return day. After hearing, the judge denied the motion.

The issue of the *dismissal with prejudice* of the petitions was appealed to the Supreme Judicial Court, which, after reviewing the facts relative to counsel's failure to appear in court on June 17, 1968, upheld the judge's decision to dismiss with prejudice. (*Amato v. Draymore,* 1972 Mass. Adv. Sh. 1087).

As a result, the plaintiffs herein bring this action of contract in the Hampden Superior Court which was remanded to the District Court of Eastern Hampden under G.L. c. 231, §101 C.

On January 3, 1974, the defendant, Leonard Alphonso, was conditionally defaulted for failure to answer interrogatories under District Court Rule 13.

On January 16, 1974, counsel for defendant, Alphonso, filed a motion to remove default and for leave to file answers to interrogatories late and forthwith. A hearing on this motion was scheduled for a hearing on February 19, 1974. Counsel for neither side appeared on that date and no action was taken.

On June 27, 1974, a second motion to remove default and file answers late was filed. No action was taken on this motion with regard to defendant, Alphonso.

Trial of this action was scheduled to begin December 17, 1974 before the District Court. On December 17, immediately prior to trial, counsel for the defendant, Alphonso, asked the court to remove the default against the defendant, Alphonso, and offered for filing a handwritten set of answers to interrogatories. A copy of the answers was given to counsel for the plaintiffs. The court postponed its ruling on the defendant's motion to remove default pending a hearing on the merits. Counsel for the plaintiffs in open court indicated to the trial justice that should he subsequently contemplate removing the default, the plaintiffs wished to be heard on the question of default. The judge indicated that the plantiffs would be given an opportunity to be heard if such were the case. The trial then commenced. No hearing was held on motion of defendant, Alphonso, to remove default and at the conclusion of the trial on the merits the court docket shows no entry of the defendant Alphonso's answers to interrogatories.

At the trial there was evidence tending to prove that the plaintiffs had been involved in an extensive master's hearing which involved, among other things, two documents, a deed and an indemnity agreement, purportedly signed by the plaintiff, Michaela V. Amato. Subsequent to the master's hearing, the plaintiffs obtained copies of the two documents and after having them examined by several handwriting experts, concluded that the signatures of Michaela V. Amato were forged. The plaintiffs then contacted the

defendants, Byron and Alphonso, both attorneys at law, regarding re-opening of the master's hearing and vacating the consent decree that had been entered at its conclusion. The plaintiffs paid the defendants, who were jointly involved in representing them, $500.00 for legal fees and the defendants agreed to file certain petitions for leave to file bill of review in the Hampden County Superior Court in an effort to re-open the cases which were the subject of the master's hearing.

In the instant case, the court found for the defendants and the plaintiffs duly filed requests for rulings of law.

The trial court denied plaintiff's requests 3, 4 and 5 as follows:

3. The evidence does not warrant a finding for the defendant Byron.

4. The evidence does not warrant a finding for the defendant Alphonso.

5. The only issue before the court with regard to the defendant Alphonso, is an assessment of damages since he is in default for failure to answer interrogatories.

The plaintiffs claim to be aggrieved by the trial court's denial of the above cited requests for rulings.

We consider first the issues involved in the trial justice's denial of request for ruling No. 5.

The power to enforce a party's right to discovery by interrogatories is conferred on the trial court under G.L. c. 231, §64: "If a party interrogated fails to answer interrogatories, or to amend or expunge an answer or part of an answer as ordered, the court may make and enter such order, judgment or decree *as justice requires* (emphasis added). . . ."

That the trial court should possess such broad and flexible powers, not only to facilitate discovery, but to insure that serious claims are adjudicated on their

merits, and not procedural points, is a familiar notion. *Henry L. Sawyer Co. v. Boyajian,* 296 Mass. 215.

The automatic entry of a conditional default against appellee Alphonso under District Court Rule 13 (1965) was in no sense an adjudication between the parties. *Poland v. New Bedford, Wood's Hole, Martha's Vineyard and Nantucket Steamship Authority,* 328 Mass. 570 (sustaining removal of conditional default entered under Superior Court Rules 36 (1932) ). It was merely a convenient device for promoting discovery. As such, it could be removed at the discretion of the trial justice. G.L. c. 231, §57; see District Court Rule 14 (1965).

Appellants concede that removal of a default is a matter of discretion of the trial justice, but they define this discretion narrowly. Under appellants' theory, it is an abuse of discretion to remove default unless a good excuse for the default is shown, along with a meritorious defense, and lack of substantial prejudice to the party not in default. These criteria for removing default may indeed be appropriate where the issue is the vacation of a default *judgment. Herlihy v. Kane,* 310 Mass. 457. But a mere default, unlike a judgment, does not address the substantial rights of the parties; it gives rise to no vested interests. *Doodlesack v. Superfine Coal and Ice Corp.,* 292 Mass. 424. Procedures for enforcing discovery are designed in part to hasten the day when a trial will be had on the merits. Conditioning removal of default upon a number of specific findings would serve only as a source of undue complication and delay.

However we measure, in the instant case, the propriety of the trial court's removal of the conditional default, and we cannot say that this exercise of discretion amounted to prejudicial error. G.L. c. 231, §108. Appellants received a copy of appellee Alphonso's answers immediately prior to trial. At the oral argument, counsel for appellants conceded that the case

against Alphonso was substantially similar to that against Byron, who had more readily responded to interrogatories. Counsel further stated that appellants had an opportunity to cross-examine Alphonso at trial.

Since it does not appear to us that the trial justice's action in removing the default against Alphonso injuriously affected any substantial rights of appellants, G.L. c. 231, §110, we conclude that appellants' request for *ruling No. 5 was properly denied.*

Claiming to be aggrieved by the denial of requests for rulings Nos. 3 and 4, appellants argue that it would indeed be "ironic" if the excuse offered by attorneys Alphonso and Byron for their failure to appear at the June 17, 1968 hearing on Amatos' petitions for leave to file bills of review should be found insufficient to re-open proceedings on the petitions, yet sufficient to permit the attorneys to escape liability in the instant case. For appellants, affirmance by the Supreme Judicial Court in *Amato v. Draymore,* 1972 Mass. Adv. Sh. 1087 of Judge Roy's refusal to revive proceedings on the petitions makes this perceived "irony" the more striking.

While appellants' argument has a certain *superficial appeal,* it mistakes the ground for the trial court's decision in the present case, and glosses over the *strictly limited nature of appellate review.* In *Amato v. Draymore, supra,* the Supreme Judicial Court did not independently evaluate the attorneys' excuse for failure to appear, pronouncing it inadequate for all purposes. It has no such plenary power of review over matters properly within the discretion of the trial justice. *Borst v. Young,* 302 Mass. 124. In a brief opinion, the high court held only that, "in light of the extensive employment of judicial facilities that these cases have commanded", Judge Roy did not abuse his discretion in refusing to revive the proceedings. *Amato v. Draymore, supra* at 837.

Our review over the findings of the District Court justice is also narrowly confined. So long as the trial justice applies the correct rule of law, his findings are not to be disturbed unless unwarranted by "any reasonably possible view of the evidence". *Heil v. McCann,* 360 Mass. 507, 511. And in view of the very general standard against which appellees' professional conduct is to be measured, *Commonwealth v. Davis,* 1974 Mass. Adv. Sh. 89 (dictum); Prosser, Law of Torts 32 (4th ed. 1971), we should be especially reluctant to upset the determination of the trial justice on the question of compliance therewith. But, as we view the report, that threshold question is not before us. Granting request for ruling No. 6, the trial justice appears to have decided that appellees' conduct in failing to appear at the hearing of June 17, 1968, fell below the level of legal representation appellants were entitled to expect from counsel.

Evidently, the denial of requests for rulings Nos. 3 and 4 rested upon the trial justice's finding that appellants failed to prove any damages. In order to recover for appellees' non-appearance at the June 17 hearing, appellants were required to show that they otherwise would have been successful in having the consent decree vacated, and in obtaining a favorable readjudication of the issues once settled by that decree. *McLellan v. Fuller,* 226 Mass. 374; *Hurd v. Dimento,* 440 F 2d 1322 (1st Cir. 1971). We are unable to say, particularly in view of the long history of litigation between the parties to the consent decree, that, under "any reasonably possible view of the evidence", *Heil v. McCann, supra* at 511, the trial justice could not have concluded that appellants failed to meet that burden.

Requests for rulings Nos. 3 and 4 were properly denied.

**No Prejudicial Error made. Report Dismissed.**