Lombardo, J.
This is an action in which the plaintiff seeks damages from the defendant in connection with the installation of a swimming pool by the defendant. The plaintiff’s complaint contains three counts alleging 1) the defendant’s breach of contract, 2) the defendant’s breach of express and implied warranties and 3) the defendant’s violation of G.Lc. 93A.
The complaint was served on the defendant on November 22,1988. On February 2,1989, a default was entered against the defendant pursuant to DisL/Mun. Cts. R. Civ. P., Rule 55(a) as a result of the defendant’s failure to plead or otherwise defend this action. Notice of this defaultwas mailed to the defendant on February 2,1989. An assessment of damages hearing was held on February 15,1989 at which time the trial judge assessed damages against the defendant in the amount of $7,750.00, plus interest, costs and reasonable attorney’s fees. The defendant was not given prior notice of the scheduling of this hearing. A judgment of $9,339.42 was entered for the plaintiff on February 15,1989. An execution on the judgment was issued on April 21, 1989.
On May 22,1989, the defendant filed a motion for relief from judgment and to supersede the execution pursuant to Dist/Mun. Cts. R. Civ. P., Rule 60(b). Said motion was denied by the trial judge on June 7,1989. The defendant claims to be aggrieved by the trial judge’s denial of this motion.
A motion for relief from judgment under Rule 60 (b) is addressed to the discretion of the motion judge. Scannell v. Ed. Ferreirinha & Irmao, IDA, 401 Mass. 155 (1987). Such a decision by the motion judge will not be overturned without a showing of an abuseof discretion, Le.thepresenceof “arbitrary determination, capricious disposition, or whimsical thinking.” Davis v. Boston Elevated Ry., 235 Mass. 482, 496 (1920). To determine whether the motion judge abused his discretion in denying the motion, we must first examine that which was before him in support of said motion.
While not specifically citing subsection (1) of Rule 60(b), the defendant, in its *127 motion, appears to have been arguing that the facts set forth in the affidavit filed in support thereof constituted “excusable neglect." Hence, the defendant had the burden of proving that the neglect was not due to its own carelessness. Scannell at 158. The motion judge did not err in finding that the defendant did not meet that burden.
In the affidavit filed by the defendant in support of the motion for relief from judgment, the defendant’s president stated that he was “under the impression that he had directed the complaint served upon him to his attorney’s attention.” The affiant further asserted thatthe attorney never received the complaint[1] It is important to note that the affiant does not affirmatively state that he did in fact direct the complaint to his attorney’s attention. He was merely “under the impression” that he did so. The motion judge was well within his discretion to find that the affiant was simply careless in his handling of the complaint Wefind no error in the motion judge’s determination that no excusable neglect existed.
The defendant also claims that the motion judge further abused his discretion in denying the motion since the defendant never received notice of the assessment of damages hearing. Dist/Mun. Cts. Supp. R. Civ. P., Rule 106 requires a party desiring to request an assessment of damages hearing to notify “all other parties entitled to such notice” of his request. Furthermore, the clerk is required to “give notice of such assessment of damages at least seven days before the hearing day.”
It is undisputed that the defendant was not given notice of the date of the hearing on the assessment of damages by the plaintiff or by the clerk. Our inquiry is therefore focused on whether or not the defendant was entitled to such notice.
Dist./Mun. Cts. R. Civ. P., Rule 55(b) (2) provides in relevant part: “[ijf the party against whom judgment by default pursuant to this paragraph is sought has appeared in the action, he... shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application.” Clearly, the defendant did not appear in this action. He was not entitled to receive notice before the entry of judgment. It would be incongruous to suggest that he would nevertheless be entitled to notice of the hearing to determine the amount of said judgment.
There have been cases in which Massachusetts courts have held that it was error for a motion judge to deny a Rule 60 (b) motion where a defendant has failed to receive notice of an assessment of damages hearing. Feeney v. Abdelahad, 6 Mass. App. Ct. 849 (1978), Andrews v. Harper-Truss & Sons, Inc. et al, 1979 Mass.App.Div. 68. However, in each of those cases, the failure to file an appearance or otherwise respond to the complaint was held to constitute excusable neglect since the plaintiff was aware that the defendant intended to contest the action either by filing an answer or by engaging in settlement negotiations with the plaintiff. The finding of excusable neglect seems to be predicated upon the actions of the plaintiff, which the courts perceive as some sort of “end run” around the defendant We find no such behavior present in this case.
After considering all the circumstances of this case, we find that the trial judge did not abuse his discretion in denying the defendant’s motion for relief from judgment.
The report is hereby dismissed.

 We are confident that the motion judge accepted as true these uncontroverted allegations setforth in the affidavit. Scannell at 158, Farley v. Sprague, 374 Mass. 419, 424-425 (1978).