Dohoney, J.
The plaintiffs sued the defendants on a note. The case was dismissed for failure of the plaintiffs to comply with certain discovery orders. The plaintiffs filed a Motion to Vacate the Judgment of Dismissal. The Trial Justice denied the Motion, and the plaintiffs claimed to be aggrieved.
From the Report we learn that the defendants filed Interrogatories and a Request for Production of Documents on June 9,1988. On July 14,1988, the plaintiffs filed a motion for á protective order to preclude the defendants from certain discovery. On August 9,1988, the defendants filed a Motion to Compel Answers to Interrogatories and Production of Documents. After an unsuccessful attempt to resolve the matter by *187 a Motion for Summary Judgment, the defendants filed an Application under Rule33 (a) seeking to have the interrogatories answered or the case dismissed. The plaintiffs then remarked their previously filed Motion fora Protective Order and the defendants remarked their previously filed Motion to Compel Discoveiy. A hearing was held on December 30,1988, and the Trial Justice issued his ruling on January 3,1989. This ruling ordered that some matters were to be supplied and that others were not to be supplied. The plaintiffs did not answer the interrogatories or produce any of the documents.
On February 3,1989, the defendants made a Reapplication for Dismissal under Rule 33. The Clerk of the District Court dismissed the case and notified counsel that judgment had been entered on February 3,1989, dismissing the case. Plaintiffs did not receive notice of the dismissal. On March 27,1989, plaintiffs attempted to file the Answers to Interrogatories and the Responses to the Requests for Production. On May 11, 1989, plaintiffs filed a Motion to Vacate the Judgment This motion was denied, and the denial of this motion is the subject of the appeal.
The decision on a Motion to Vacate Judgment is largely a matter of judicial discretion and will not be overturned unless there is an abuse of discretion. See Bird v. Bird, 393 Mass. 789 (1985).
The plaintiffs urge three reasons why the Motion to Vacate Judgment should be allowed. First, they assert that there was fraud or other misconduct under Rule 60(b) (3). Their basis for this is the filing of the application under Rule 33(a) while a dispute existed as to the appropriate discovery and a motion for protective order was pending. Simply stated, such conduct is not fraud or misconduct. We have the sense that plaintiffs have been the victims of some sharp discovery practice, but the record does not permit a finding of fraud or misconduct
Secondly, plaintiffs urge that even if the conduct does not amount to “fraud”, it justifies relief from judgment under Rule 60 (b) (6). It was not an abuse of discretion for the trial justice to fail to allow the relief on this basis. Here the plaintiffe knew shortly after January 3, 1989, what their discovery obligations were and did not attempt to respond until March 27,1989.
Lastly, the plaintiffe urge that there was error of law because they remarked their Motion for Protective Order within days after the Rule 33(a) application. The procedure for the filing and failure to file answers to interrogatories is set forth in Mass. Rule Civ. Proc., Rule 33. An answering party has 45 days to answer. If the answers are not filed, the interrogating party may file a written application requesting final judgment. The clerk then notifies all parties that final judgment will be entered unless answers are filed within thirty days. At the end of thirty days, the interrogating party may reapply for final judgment and the clerk is to enter judgment if no answers are on file. Here the initial application was filed in mid December. Thus the answers were due in mid January. However, there was contested the issue of what must be answered. This was resolved on January 3,1989. No answers were filed within thirty days of either the original application or the decision as to what answers were appropriate. The defendants then reapplied and judgment was entered.
The plaintiffs urge that “As a result, the plaintiffs contend that the Rule 33 (a) default was vacated as a matter of law.” Plaintiffs cite Poland v. New Bedford, Woods Hole, Martha’s Vineyard and Nantucket Steamship Auth., 328 Mass. 570 (1952), for the proposition that the filing of the motion for protective order removed the default However, in Poland, the party filed the actual answers. The case stands for the proposition that a party in such a circumstance has not waived his right to test the propriety of certain questions. It does not stand for the proposition that the party may decline to file any answers. In our case, the plaintiffe failed to file any answers.
Thus, in conclusion, plaintiffs have the burden of showing an abuse of discretion and they have failed to do so.
The Report is Dismissed.