Beattie, J.
This matter involves a claim by plaintiff for injuries sustained in an accident with her automobile, which plaintiff claims was negligently repaired by defendant.
The matter was originally filed in Westborough District Court, removed to Worcester Superior Court, then remanded back to District Court for trial.
Plaintiff claims she discharged her counsel in February 1988, and was in the process of hiring new counsel.
On May 4,1989, plaintiff was “Pro Se.” Her case was called for trial, and she did not appear. The Court, Sullivan, J., dismissed her case. Plaintiff claims she did not receive notice of the trial date, nor notice of the dismissal, although the Court docket reflects that both were sent.
Plaintiff eventually re-retained her original counsel who filed a motion to vacate dismissal under M.R.C.P., Rule 60(b) on February 28, 1990. The motion was denied on March 30,1990 by Teshoian, J.
Subsequently, on April 25, 1990, plaintiff filed her motion for enlargement of time to file draft report. Then, on December 7,1990, plaintiff filed her motion for reconsideration of her motion to vacate dismissal. This motion was denied, Teshoian, J., on January 24,1991.
The only issue presented to this Court by way of an amended draft report is whether the Court abused its discretion by denying plaintiff’s motion to vacate judgment.
There is absolutely nothing, either in the amended draft report or any part of the record attached thereto, which would indicate that the Court abused its discretion by denying plaintiff’s motion to vacate judgment.
“The decision on a motion to vacate judgment is largely a matter of discretion and will not be overturned unless there is an abuse of discretion.” Lawrence v. Lawrence, 1990 Mass. App. Div. 186, 187.
“Such a decision by the motion judge will not be overturned without a showing of an abuse of discretion, i.e. the presence of ‘arbitrary determination, capricious disposition, or whimsical thinking.’” Davis v. Boston Elevated Rv., 235 Mass. 482, 496 (1920); Pereira v. Swim, Inc., 1990 Mass. App. Div. 126.
Since plaintiff is unable to show any abuse of discretion by the motion judge, her report is hereby dismissed.